STATE OF NORTH CAROLINA v. JESSE LEE THOMAS

No. 218A90-2

(Filed 9 May 1997)

**Criminal Law § 206 (NCI4th Rev.); Constitutional Law § 280 (NCI4th)— pro se defendant—mental capacity to waive counsel—standby counsel's motion for limited appointment—statutory and constitutional violations**

The trial court erred by allowing the motion of standby counsel, filed over the *pro se* defendant's objection, to appoint standby counsel to represent defendant for the limited purpose of litigating his capacity to knowingly and intelligently waive his right to counsel and proceed *pro se* since the court's ruling allowing standby counsel to intervene and advocate a position over defendant's objection exceeded the authority granted by N.C.G.S.

§ 15A-1243, violated defendant's right to represent himself guaranteed by the Sixth Amendment to the U.S. Constitution and Art. I, § 23 of the N.C. Constitution, and violated the rule against a defendant proceeding both *pro se* and by counsel.

**Am Jur 2d, Criminal Law §§ 764 et seq., 993-995.**

**Accused's right to represent himself in state criminal proceeding—modern state cases. 98 ALR3d 13.**

Justice WHICHARD dissenting.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Butterfield, J., on 20 July 1995 in Superior Court, Nash County, upon a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court 10 December 1996.

*Michael F. Easley, Attorney General, by John F. Maddrey, Assistant Attorney General, for the State.*

*Glenn A. Barfield for defendant-appellant.*

MITCHELL, Chief Justice.

Defendant was indicted on 20 February 1989 for first-degree murder. In 1990, he was tried capitally, found guilty, and sentenced to death. On appeal, this Court found error and ordered a new trial. *State v. Thomas*, 331 N.C. 671, 417 S.E.2d 473 (1992). On 18 November 1992, before Judge Thomas S. Watts, Jr., defendant requested that he be allowed to proceed *pro se*. Judge Watts thoroughly questioned defendant in accordance with N.C.G.S. § 15A-1242 before he was allowed to execute a waiver of counsel form indicating his desire to appear on his own behalf. The waiver form included the specific request that the court appoint standby counsel pursuant to N.C.G.S. § 15A-1243. Defendant appeared again before Judge Watts on 7 December 1992. Following an additional inquiry concerning defendant's request to represent himself, Judge Watts entered an order authorizing defendant to proceed *pro se* and appointing Nile Falk as standby counsel. Judge Watts also ordered the Office of the Appellate Defender to designate another attorney to serve as standby counsel. In compliance with Judge Watts' order, the Office of the Appellate Defender designated Staples S. Hughes.

On 18 March 1993, standby counsel Hughes, acting without defendant's consent, filed a motion requesting that he and attorney

Falk be appointed as counsel to represent defendant for the limited purpose of litigating his capacity to knowingly and intelligently waive his right to counsel and proceed *pro se* and for authorization for the defense to obtain a professional evaluation of defendant's mental health. The motion was considered *ex parte* by Judge Quentin T. Sumner at the 21 April 1993 Criminal Session of Superior Court, Nash County. On 16 June 1993, *nunc pro tunc* 21 April 1993, Judge Sumner entered an order over defendant's objection appointing Hughes and Falk as counsel to represent defendant solely for the purpose of litigating issues related to defendant's mental status. In a separate order, Judge Sumner authorized the employment of an expert defense witness to assist in the investigation and litigation of defendant's mental status.

An evidentiary hearing was held on 24 January 1994 before Judge Sumner on a motion filed by Hughes questioning defendant's mental competence to execute a waiver of counsel. On 25 February 1994, *nunc pro tunc* 28 January 1994, Judge Sumner entered an order setting forth findings and conclusions in support of his decision to deny defendant's motion for self-representation and to appoint the formerly designated standby counsel to represent defendant as his trial counsel. In that order, Judge Sumner made no finding or conclusion that defendant was or ever had been unable to properly waive his right to counsel under N.C.G.S. § 15A-1242. In a separate order filed on or about 8 February 1994, Judge Sumner found that the State's sole proposed aggravating circumstance was insufficient to support a sentence of death and directed that the case be tried noncapitally.

Defendant was tried noncapitally to a jury at the 17 July 1995 Criminal Session of Superior Court, Nash County, Judge G.K. Butterfield presiding, and was found guilty. Judge Butterfield sentenced defendant to a mandatory term of life imprisonment.

Defendant contends *inter alia* that the trial court erred by allowing Hughes' motion, filed over defendant's objection, that Hughes and Falk be appointed as counsel to represent defendant for the limited purpose of litigating his capacity to knowingly and intelligently waive his right to counsel. We agree.

At the time the motion was filed, defendant had been found by the trial court to have knowingly and voluntarily waived his right to counsel and was representing himself. Hughes and Falk were serving as standby counsel pursuant to N.C.G.S. § 15A-1243. The duties of standby counsel are limited by statute to assisting the defendant

"when called upon" and to bringing to the judge's attention "matters favorable to the defendant upon which the judge should rule upon his own motion." N.C.G.S. § 15A-1243 (1988). When the trial court allowed attorney Hughes, in his capacity as standby counsel, to intervene by motion in this case, over defendant's objection, it exceeded the authority granted by statute.

Allowing standby counsel to advocate any position over a *pro se* defendant's objection also interferes with his exercise of his right to represent himself. A defendant's right to represent himself is guaranteed by the Sixth Amendment to the United States Constitution, *Faretta v. California*, 422 U.S. 806, 45 L. Ed. 2d 562 (1975), and by Article I, Section 23 of the North Carolina Constitution, *State v. Thomas*, 331 N.C. 671, 417 S.E.2d 473. A defendant appearing *pro se* "has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972). Defendant objected to the appointment of Hughes and Falk as counsel for the limited purpose set forth in the motion. At the time the trial court allowed the motion and appointed Hughes and Falk to represent defendant on the issue of whether he was competent to proceed *pro se*, no finding had been made that defendant had not been or was no longer competent to waive counsel. Finally, appointing counsel for a limited purpose violated the rule against a defendant proceeding both *pro se* and by counsel. In *Thomas*, this Court held that a defendant has only two choices: " 'to appear *in propria persona* or, in the alternative, by counsel. There is no right to appear both *in propria persona* and by counsel.' " 331 N.C. at 677, 417 S.E.2d at 477 (quoting *State v. Parton*, 303 N.C. 55, 61, 277 S.E.2d 410, 415 (1981), *disavowed on other grounds by State v. Freeman*, 314 N.C. 432, 333 S.E.2d 743 (1985)). Due to this prohibition against hybrid representation, a court cannot allow defendant to proceed *pro se* while also appointing counsel to represent him, even for a limited purpose.

For the reasons stated herein, the trial court erred by allowing standby counsel to advocate a position over defendant's objection, and defendant is entitled to a new trial.

NEW TRIAL.

Justice WHICHARD dissenting.

The majority holds that the trial court erred in allowing standby counsel to intervene by motion and, upon appointment for that lim-

ited purpose, to advocate over defendant's objection that defendant lacked the mental capacity to knowingly and intelligently waive his right to counsel. It is my view that standby counsel's actions were proper and, indeed, precisely the type of actions contemplated by the statute authorizing the appointment of standby counsel for defendants electing to proceed *pro se*. I would therefore hold that the trial court did not err.

This defendant's desire to represent himself has been troublesome from the outset. In his first trial, he repeatedly asserted that he wanted to represent himself but that he would need an "assistant." Defendant's lengthy and incoherent monologues on this subject were of sufficient concern to the trial court that it ordered defendant committed to Dorothea Dix Hospital for evaluation of his competency to stand trial and ultimately denied defendant's motion to appear as co-counsel. In subsequent proceedings, a different superior court judge listened as defendant made another rambling statement in which he referred to his lawyers as "assistants" and to himself as "leading attorney." The judge interpreted these statements as a request to proceed *pro se*, which he allowed. We held that this was error and ordered a new trial because defendant's repeated assertion that he required a licensed attorney to serve as his "assistant" did not amount to a clear and unequivocal expression of a desire to proceed *pro se*. *State v. Thomas*, 331 N.C. 671, 417 S.E.2d 473 (1992).

In the proceedings now at issue, defendant asked to be permitted to proceed *pro se* and also requested the appointment of standby counsel. Judge Watts allowed both requests and entered orders accordingly. Over the course of the next few months, standby counsel observed that defendant appeared to be less focused and less able to process information than he had been in the past. They became concerned that defendant lacked the capacity to waive counsel and therefore filed the motion at issue.

N.C.G.S. § 15A-1243 provides:

> When a defendant has elected to proceed without the assistance of counsel, the trial judge in his discretion may appoint standby counsel to assist the defendant when called upon and to bring to the judge's attention matters favorable to the defendant upon which the judge should rule upon his own motion.

By its plain language, this statute contemplates a dual role for standby counsel. First, standby counsel has a duty to serve the

defendant by assisting him when called upon. Second, standby counsel has a duty to serve the trial court by "bring[ing] to the judge's attention matters favorable to the defendant upon which the judge should rule upon his own motion." That the legislature intended standby counsel to serve the court, as well as the defendant, is evidenced in two ways. First, the statute refers to matters the court should address upon its *own* motion, not the *defendant's* motion. Second, the statute makes the appointment of standby counsel discretionary with the trial court. If the legislature intended standby counsel to serve the defendant only, presumably it would have required the court to appoint standby counsel only upon the defendant's request.

By holding that the trial court erred in allowing standby counsel to intervene and advocate a position over defendant's objection, the majority essentially nullifies standby counsel's statutory duty to the court. It concludes that the trial court thereby interfered with defendant's exercise of his constitutional right to represent himself. I disagree. I believe standby counsel's motion was a proper attempt to bring to the judge's attention the question of defendant's mental capacity to waive counsel. This is a matter of importance to defendant's right to *knowingly and intelligently* defend himself; it is precisely the type of "matter[] favorable to the defendant upon which the judge should rule" that the statute contemplates and one that may well not come to the judge's attention otherwise. That the matter was brought to the judge's attention by way of a motion to which defendant objected should be irrelevant. The statute does not specify the precise means by which the judge's attention should be engaged.

The majority is correct that a criminal defendant has a state and federal constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806, 818, 45 L. Ed. 2d 562, 572 (1975); *Thomas*, 331 N.C. at 673, 417 S.E.2d at 475. Exercise of this right presupposes a mentally competent defendant, however. Thus, trial courts must make thorough inquiry to ensure that a defendant's waiver of his right to counsel is knowingly and intelligently made. *Faretta*, 422 U.S. at 835, 45 L. Ed. 2d at 581; *Thomas*, 331 N.C. at 674, 417 S.E.2d at 476; *see also* N.C.G.S. § 15A-1242 (1988). In my view, when faced with a substantial question as to defendant's mental capacity to knowingly and intelligently waive his right to counsel and proceed *pro se*, standby counsel had not only the statutory authority, but also a professional duty, to call this matter to the judge's attention. The effect of the majority opinion is to hold the statute unconstitutional, at least

as applied. Because the right to self-representation presupposes a mentally competent defendant, it is inconceivable to me that the statute is unconstitutional as applied to these discrete facts.

The majority also holds that by allowing standby counsel to represent defendant for the limited purpose of determining defendant's mental capacity, the trial court erroneously permitted hybrid representation. I disagree. In presenting evidence relevant to defendant's mental capacity, standby counsel were fulfilling their duties as such and as officers of the court. It may have been a mistake to characterize their actions as "limited representation" of the defendant; if so, however, it was not prejudicial error requiring a new trial.

For these reasons, and perceiving no other error warranting a new trial, I would hold that defendant received a fair trial, free of prejudicial error. I therefore respectfully dissent.