STATE v. FULP

[144 N.C. App. 428 (2001)]

---

STATE OF NORTH CAROLINA v. BRYANT RENARD FULP, Defendant

No. COA00-846

(Filed 19 June 2001)

**Constitutional Law— habitual offender—prior felony conviction—invalid waiver of counsel**

An habitual felon defendant carried his burden of showing by a preponderance of the evidence that he had not waived his right to counsel for a prior felony conviction used to support the habitual felony indictment where he had said he "didn't need no lawyer" when asked by a judge in a prior felony proceeding if he wanted a lawyer, but the trial judge did not make findings showing consideration of defendant's age at the time he signed the

STATE v. FULP

[144 N.C. App. 428 (2001)]

waiver, his ninth-grade education, or his time in jail prior to the waiver.

Appeal by defendant from order entered 8 May 2000 by Judge Howard R. Greeson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 28 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Kimberly W. Duffley, for the State.*

*The Teeter Law Firm, by Kelly Scott Lee, for defendant-appellant.*

TYSON, Judge.

Bryant Renard Fulp ("defendant") was indicted by the Forsyth County grand jury for felonious possession of stolen goods and for being an habitual felon on 10 March 1997. Defendant subsequently moved to suppress one of the three convictions used to support the habitual felon indictment. Pursuant to G.S. § 15A-980, defendant argued that a 1993 Rockingham County conviction used in the habitual felon indictment was obtained in violation of his right to counsel. The trial court denied the suppression motion on the grounds that defendant could not collaterally attack the prior conviction. On appeal, this Court found that the trial court erred by not resolving the factual conflicts and ruling on the merits of defendant's motion to suppress pursuant to G.S. § 15A-980. This Court vacated the trial court's action and remanded the case for a proper determination of defendant's motion.

On 8 March 2000, the trial court conducted a hearing on defendant's motion to suppress the 1993 conviction. At that hearing, defendant acknowledged that he signed a waiver of rights form on 8 January 1993 when he was seventeen years old. He also admitted that prior to the 1993 conviction, he had been in juvenile court and had been represented by a lawyer. Defendant conceded knowing that he "had a right to a lawyer," but asserted that he never waived his rights to an attorney.

Defendant stated that an assistant district attorney approached him on 4 March 1993 and offered to dismiss one of his pending felony charges and to recommend probation on the remaining charges. When defendant entered the courtroom later that day, Judge Peter M. McHugh asked him if he wanted a lawyer. Defendant testified that he

told Judge McHugh that he "didn't need no lawyer." He explained that "I already talked to the DA. I knew I was getting probation. I knew I was going home. I ain't need no lawyer."

Defense counsel referred the trial court to the court file, which contained a copy of the waiver of rights form which had been signed by defendant, the deputy clerk of Forsyth County Superior Court and Judge McHugh. Defendant argued that there were important discrepancies in the form, and noted that defendant had failed to check either of the two boxes for waiver of assigned counsel and for waiver of all assistance of counsel. Defense counsel also pointed out that the only box checked in the "certificate of judge" section of the form indicated that defendant had "voluntarily, knowingly and intelligently elected in open court to be tried in [the] action . . . without the assignment of counsel."

In an order entered 8 May 2000, *nunc pro tunc* 1 May 2000, the trial made the following findings of fact:

1. On Jan. 8, 1993, the defendant . . . executed a "Waiver of Counsel" in case number 92 CRS 9157.

2. The defendant swore before Deputy Clerk of Superior Court Shelley Newcomb that:

   a. He had been fully informed of the charges against him;

   b. He had been fully informed of the nature of and the statutory punishment for the charge; and

   c. He had been fully informed of the nature of the proceedings against him.

3. He further swore before Newcomb that he had BEEN ADVISED OF:

   a. His right to have counsel ASSIGNED to assist him AND his right to have the ASSISTANCE of counsel in defending the charge or in handling the proceedings;

4. He further swore before Newcomb that he fully understood and appreciated the consequences of his decision to waive the right to assigned counsel and the right to assistance of counsel.

5. Further, the Honorable Peter M. McHugh certified that he FULLY INFORMED defendant in open court of:

   a. the charges against him;

b. the nature of and the statutory punishment for each charge; and

c. the nature of the proceeding against him and

d. his right to have counsel ASSIGNED by the court and

e. his right to have the ASSISTANCE of counsel to represent him in this action.

6. Judge McHugh further certified that:

a. defendant comprehended the nature of the charges and the proceedings and the range of punishments;

b. defendant understood and appreciated the consequences of his decision; and that

c. defendant voluntarily, knowingly and intelligently elected in open court to be tried in the action WIT[]HOUT THE ASSIGNMENT OF COUNSEL.

7. On January 8th, 1993 the defendant was fully informed of his rights pursuant to G.S. 15A-1[2]42 and voluntarily, knowingly, and intelligently waived his rights to ASSIGNMENT[] of counsel, thus electing either to represent himself or to hire counsel of his own choosing. The mere fact that there is no "check mark" placed in the "Acknowledgment Section" does not invalidate this waiver . . . .

8. The defendant again appeared before Judge McHugh on March 4, 1993. He did not appear with counsel although he knew he had a right to one. He made no motion to continue the matter for any reason but instead entered into a plea agreement with the prosecutor. The judge inquired as to whether the defendant wished counsel but [defendant] told the judge that he did not need a lawyer. He swore that his plea was of his own free will, fully understanding what he was doing. Even at the hearing on this matter, the defendant still asserts he knew he had a right to an attorney and asserted as much to Judge McHugh.

On the basis of these findings of fact, the trial court concluded that "[t]he defendant's waiver of counsel on January 8, 1993 was made knowingly, intelligently, and voluntarily" and that "defendant also implicitly waived his right to assistance of counsel after having been fully advised of both his right to assigned counsel <u>and</u> his right to

assistance of counsel on January 8, 1993." From the trial court's order, defendant appeals.

On appeal, defendant contends the trial court erred in finding that he had knowingly and voluntarily waived his right to counsel for his 4 March 1993 felony conviction, which was subsequently used to enhance his present sentence pursuant to G.S. § 14-7.1. He argues the trial court's order was in error because of his young age at the time of the waiver, his lack of comprehension of its consequences, the incomplete nature of the waiver form, and public policy. We agree.

"A defendant has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel . . . if its use will . . . [r]esult in a lengthened sentence of imprisonment." G.S. § 15A-980(a)(3). "When a defendant has moved to suppress use of a prior conviction under the terms of subsection (a), he has the burden of proving by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel." G.S. § 15A-980(c). Before a defendant may be permitted to proceed without the assistance of counsel, the trial court must make thorough inquiry and be "satisfied that the defendant . . . [h]as been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel[;] . . . [u]nderstands and appreciates the consequences of this decision; and . . . [c]omprehends the nature of the charges and proceedings and the range of permissible punishments." N.C.G.S. § 15A-1242. "[A]n indigent person may waive counsel provided 'the court finds of record that at the time of waiver the indigent person acted with full awareness of his rights and of the consequences of the waiver.' " *State v. Williams*, 65 N.C. App. 498, 504, 309 S.E.2d 721, 725 (1983) (quoting G.S. § 7A-457). "In making such a finding, the court shall consider, among other things, such matters as the person's age, education, . . . , [and] mental condition[.]" N.C.G.S. § 7A-457(a).

The trial court's conclusion here that defendant's waiver of counsel in the 1993 Rockingham County conviction "was made knowingly, intelligently, and voluntarily" is not adequately supported by its findings of fact. Those findings do not show that the trial court gave consideration to defendant's age (seventeen years and six days) at the time he signed the wavier, to his ninth grade education, or to defendant having spent approximately three months in jail prior to signing the wavier. Nor do those findings address the effect of defendant's continued incarceration for two additional months prior to the State presenting him with a plea offer on 4 March 1993.

**KELLER v. WILLOW SPRINGS LONG TERM CARE FACIL., INC.**

[144 N.C. App. 433 (2001)]

The trial court's order does not demonstrate that defendant's waiver was knowing and voluntary or that his waiver is constitutionally valid. Given the "somewhat equivocal" nature of the waiver of counsel form, a waiver cannot be inferred here. We conclude that defendant carried his burden of showing by a preponderance of the evidence, as required by G.S. § 15A-980(c), that he had not waived his right to counsel. "Admission of prior convictions obtained in violation of the right to counsel for purposes of impeachment or to affect the length of sentence violates N.C.G.S. § 15A-980." *State v. Porter*, 326 N.C. 489, 510, 391 S.E.2d 144, 158 (1990). Under the circumstances of this case, we hold that the 1993 Rockingham County conviction used in finding defendant to be an habitual felon should have been suppressed. As a result, the habitual felon conviction is vacated, and this matter is remanded for resentencing on defendant's conviction for possession of stolen goods.

Habitual felon plea: Vacated.

Possession of stolen goods sentence: Vacated and remanded.

Judges GREENE and TIMMONS-GOODSON concur.