STATE OF NORTH CAROLINA v. BRYANT RENARD FULP

No. 342PA01

(Filed 1 February 2002)

**Constitutional Law— right to counsel—waiver—motion to suppress prior convictions**

The trial court did not err in a felony possession of stolen goods case by denying defendant's motion to suppress prior convictions under N.C.G.S. § 15A-980 used in finding defendant to be an habitual felon based on its conclusion that defendant waived his right to counsel for the 1993 Rockingham County conviction, because: (1) the findings of fact were sufficient to indicate that the trial court considered the necessary factors under N.C.G.S. § 7A-457 in determining whether defendant had knowingly, intelligently, and voluntarily waived his right to counsel including defendant's age, education, and mental state at the time he signed the waiver; (2) defendant's statements indicated that he knew that he was charged with two felonies and that the assistant district attorney was offering to drop only one of those felonies in exchange for a plea to the other felony and probation, and defendant stated he did not need an attorney in order to avail

himself of this offer; (3) defendant admitted· knowing what his rights were and clearly and unequivocally expressed his desire not to have an attorney represent him; (4) the fact that defendant was seventeen years old with a ninth-grade education is not enough, absent other evidence, to conclude that defendant was unable to understand the nature and consequences of the proceedings against him or the decision that he made regarding waiver of counsel; and (5) defendant's signature on the waiver of counsel form combined with his testimony in which he stated multiple times that he did not wish to have an attorney represent him, and the fact that defendant signed a transcript of plea in 1993 acknowledging that he understood his rights, the charges against him, and that he was pleading guilty to a felony, provides added evidence that defendant knowingly, intelligently, and voluntarily waived counsel.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 144 N.C. App. 428, 548 S.E.2d 785 (2001), vacating a conviction for habitual felon status and vacating and remanding for resentencing a conviction for possession of stolen goods, judgment for both convictions having been entered by Greeson, J., on 9 June 1997 in Superior Court, Forsyth County, and a subsequent order entered 8 May 2000, *nunc pro tunc* 1 May 2000, by Greeson, J., in Superior Court, Forsyth County. Heard in the Supreme Court 14 November 2001.

*Roy Cooper, Attorney General, by Kimberly W. Duffley, Assistant Attorney General, for the State-appellant.*

*Kelly Scott Lee and Stuart L. Teeter for defendant-appellee.*

*American Civil Liberties Union of North Carolina Legal Foundation, by Seth H. Jaffe, Counsel, amicus curiae.*

ORR, Justice.

Defendant, Bryant Renard Fulp, was indicted 10 March 1997 for felony possession of stolen goods and as an habitual felon. On 6 June 1997, defendant filed a "Motion to Suppress and Exclude the Use of Prior Void Convictions to Enhance Punishment or Degree of Offense or Impeachment." Pursuant to N.C.G.S. § 15A-980, defendant argued that a 1993 Rockingham County conviction used in the habitual felon indictment was obtained in violation of his right to counsel. On 9 June 1997, a hearing on this motion was held in Superior Court,

Forsyth County. The trial court denied defendant's motion, holding that defendant could not collaterally attack his prior conviction. Thereafter, defendant pled guilty to felony possession of stolen goods and to being an habitual felon, while reserving his right to appeal the trial court's ruling on his motion to suppress prior convictions. On 9 June 1997, the trial judge sentenced defendant to a term of 95 to 123 months' imprisonment.

Upon defendant's appeal of the trial court's denial of his motion to suppress prior convictions, the Court of Appeals, in an unpublished opinion, *State v. Fulp*, 131 N.C. App. 702, 515 S.E.2d 758 (1998), vacated the trial court's order denying defendant's motion to suppress and remanded for a proper determination of defendant's motion based upon the trial court's failure to resolve factual conflicts. Specifically, the Court of Appeals ordered findings as to whether defendant had waived his right to counsel for the 1993 Rockingham County conviction that was used to enhance his punishment under the habitual felon statute.

After a hearing on defendant's motion to suppress prior convictions, the trial court entered an order on 8 May 2000, *nunc pro tunc* 1 May 2000, ultimately concluding that defendant had waived his right to counsel for the 1993 Rockingham County conviction.

Upon defendant's second appeal, the Court of Appeals held that "[t]he trial court's conclusion . . . that defendant's waiver of counsel in the 1993 Rockingham County conviction 'was made knowingly, intelligently, and voluntarily' [was] not adequately supported by its findings of fact." *State v. Fulp*, 144 N.C. App. 428, 432, 548 S.E.2d 785, 787 (2001). In fact, the Court of Appeals concluded that defendant had met his burden of showing by a preponderance of the evidence that he had not waived his right to counsel, *see* N.C.G.S. § 15A-980(c) (1999), and "that the 1993 Rockingham County conviction used in finding defendant to be an habitual felon should have been suppressed." *Fulp*, 144 N.C. App. at 433, 548 S.E.2d at 787. As a result, the Court of Appeals vacated the habitual felon conviction and remanded the case for resentencing on defendant's conviction for possession of stolen goods. *Id.* at 433, 548 S.E.2d at 787-88. On 16 August 2001, we allowed the State's petition for discretionary review. For the reasons set forth below, we reverse the decision of the Court of Appeals.

The State contends that the Court of Appeals erred by holding that the trial court's findings of fact did not adequately support the trial court's conclusion that defendant had effectively waived coun-

sel. More specifically, the State argues that defendant's waiver of counsel in his 1993 Rockingham County conviction was made "knowingly, intelligently, and voluntarily" and that the trial court gave adequate consideration to defendant's age, education, and mental state at the time he signed the waiver. We agree.

N.C.G.S. § 15A-980 governs defendant's motion to suppress a prior conviction in violation of his right to counsel. The statute reads, in pertinent part:

(a) A defendant has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel if its use by the State is to impeach the defendant or if its use will:

(1) Increase the degree of crime of which the defendant would be guilty; or

(2) Result in a sentence of imprisonment that otherwise would not be imposed; or

(3) Result in a lengthened sentence of imprisonment.

. . . .

(c) When a defendant has moved to suppress use of a prior conviction under the terms of subsection (a), he has the burden of proving by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel. To prevail, he must prove that at the time of the conviction he was indigent, had no counsel, and had not waived his right to counsel. If the defendant proves that a prior conviction was obtained in violation of his right to counsel, the judge must suppress use of the conviction at trial or in any other proceeding if its use will contravene the provisions of subsection (a).

N.C.G.S. § 15A-980(a), (c). It is uncontroverted that defendant was indigent and had no counsel at the time of his conviction in 1993. Thus, the only issue is whether defendant waived his right to counsel.

This Court has held that a defendant " 'has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes.' " *State v. Thomas*, 346 N.C. 135, 138, 484 S.E.2d 368, 370 (1997) (quoting *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972)). However, "[b]efore allowing a defendant to waive in-court representation by counsel, . . . the trial

court must insure that constitutional and statutory standards are satisfied." *State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992). First, defendant's "waiver of the right to counsel and election to proceed *pro se* must be expressed 'clearly and unequivocally.' " *Id.* (quoting *State v. McGuire*, 297 N.C. 69, 81, 254 S.E.2d 165, 173, *cert. denied*, 444 U.S. 943, 62 L. Ed. 2d 310 (1979)). Second, in order to satisfy constitutional standards, the trial court must determine whether defendant "knowingly, intelligently, and voluntarily" waives his right to counsel. *Id.* at 674, 417 S.E.2d at 476 (citing *Faretta v. California*, 422 U.S. 806, 835, 45 L. Ed. 2d 562, 581-82 (1975)). "In order to determine whether the waiver meets [this constitutional] standard, the trial court must conduct a thorough inquiry." *Id.* This Court has held that N.C.G.S. § 15A-1242 satisfies any constitutional requirements by adequately setting forth the parameters of such inquiries. *Id.*; *State v. Gerald*, 304 N.C. 511, 519, 284 S.E.2d 312, 317 (1981); *State v. Thacker*, 301 N.C. 348, 355, 271 S.E.2d 252, 256 (1980).

The statute provides that:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C.G.S. § 15A-1242 (1999). In addition, if a defendant is indigent, "the trial court must obtain a written waiver of the right to counsel" pursuant to N.C.G.S. § 7A-457. *Thomas*, 331 N.C. at 675, 417 S.E.2d at 476. N.C.G.S. § 7A-457 provides in pertinent part:

(a) An indigent person who has been informed of his right to be represented by counsel at any in-court proceeding, may, in writing, waive the right to in-court representation by counsel, if the court finds of record that at the time of waiver the indigent person acted with full awareness of his rights and of the consequences of the waiver. In making such a finding, the court shall

consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the crime charged.

N.C.G.S. § 7A-457(a) (1999) (effective until 1 July 2001). The inquiry required under N.C.G.S. § 7A-457 "is similar to the inquiry required under N.C.G.S. § 15A-1242 and may be satisfied in a like manner." *State v. Heatwole*, 344 N.C. 1, 18, 473 S.E.2d 310, 318 (1996), *cert. denied*, 520 U.S. 1122, 137 L. Ed. 2d 339 (1997). Furthermore, although in *Thomas* the Court stated that there must be a written waiver of the right to counsel for an indigent defendant, 331 N.C. at 675, 417 S.E.2d at 476, in *Heatwole* we concluded that a waiver was not invalid simply because there was "no written record of the waiver," 344 N.C. at 18, 473 S.E.2d at 318. "While N.C.G.S. § 7A-457(a) provides for a written waiver of counsel from an indigent defendant, this section has been construed as directory, not mandatory, so long as the provisions of the statute have otherwise been followed." *Id.* (citations omitted). "Directory" has been defined in *Black's Law Dictionary* as "[a] provision in a statute, rule of procedure, or the like, which is a mere direction or instruction of no obligatory force, and involving no invalidating consequence for its disregard, as opposed to an imperative or mandatory provision, which must be followed." *Black's Law Dictionary* 460 (6th ed. 1990).

In the instant case, the trial court's order of 8 May 2000, *nunc pro tunc 1 May 2000*, contains sufficient findings of fact demonstrating that defendant's waiver of counsel was made "knowingly, intelligently, and voluntarily." N.C.G.S. § 7A-457 does not require the trial court to specifically find and state that it considered those factors outlined in the statute. Rather, the statute requires the trial court only to *consider* those factors when determining whether defendant's waiver of counsel was made "knowingly, intelligently, and voluntarily." The trial court, in its 8 May 2000 order, stated that it "consider[ed] the evidence, the record, and the arguments of counsel" in making its findings of fact. The findings of fact included the following:

5. . . . [The trial court in the 1993 action] certified that he FULLY INFORMED defendant in open court of:

   a. the charges against him;

   b. the nature of and the statutory punishment for each charge; and

   c. the nature of the proceeding against him; and

   d. his right to have counsel ASSIGNED by the court; and

   e. his right to have the ASSISTANCE of counsel to represent him in this action.

6. [The trial court in the 1993 action] further certified that:

   a. defendant comprehended the nature of the charges and the proceedings and the range of punishments;

   b. defendant understood and appreciated the consequences of his decision; and that

   c. defendant voluntarily, knowingly and intelligently elected in open court to be tried in the action WITHOUT THE ASSIGNMENT OF COUNSEL.

The fact that the trial judge did not expressly and specifically state in his findings of fact that he considered defendant's "age, education, familiarity with the English language, mental condition, and the complexity of the crime charged" is not of sufficient consequence to warrant reversal of the court's order. *See* N.C.G.S. § 7A-457. Moreover, defendant was the only person who testified at the 8 March 2000 hearing in which evidence was introduced as to defendant's age, education, and mental condition at the time that he signed the waiver in 1993 and at the time he entered his guilty plea. Thus, by stating in the order that he "consider[ed] the evidence, the record, and the arguments of counsel," we conclude that the trial judge was referring, in part, to defendant's testimony at the hearing concerning his age, education, and mental condition. Therefore, the findings of fact were sufficient to indicate that the trial judge "consider[ed]" the necessary factors under N.C.G.S. § 7A-457 in determining whether defendant had "knowingly, intelligently, and voluntarily" waived his right to counsel.

Furthermore, as previously stated, N.C.G.S. § 7A-457(a) has been construed as directory, not mandatory, and a waiver will not necessarily be invalidated because of the absence of a written record of the waiver. *See Heatwole*, 344 N.C. at 18, 473 S.E.2d at 318. Thus, any deficiency in a written waiver can be overcome by other evidence showing that defendant "knowingly, intelligently, and voluntarily" waived counsel. "[T]he record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free

will." *Thacker*, 301 N.C. at 354, 271 S.E.2d at 256 (citing *Faretta*, 422 U.S. 806, 45 L. Ed. 2d 562).

In this case, defendant's testimony at the 8 March 2000 hearing demonstrates that he "knowingly, intelligently, and voluntarily" waived counsel. During his testimony, defendant stated, in part, the following:

[DEFENDANT]: [The assistant district attorney] told—she actually told me that I had—well, she actually told me I had two felonies. She told me she would drop one felony for the probation on another felony.

[DEFENDANT'S ATTORNEY]: So, is it your testimony she offered you a plea offer of probation?

[DEFENDANT]: Yes, sir.

    . . . .

[DEFENDANT]: When I went in front of the judge, the judge asked me did I want a lawyer. I told him I didn't need no lawyer.

[DEFENDANT'S ATTORNEY]: Let me stop you there. You said you didn't need a lawyer?

[DEFENDANT]: Yes, sir.

[DEFENDANT'S ATTORNEY]: Why did you tell him you didn't need a lawyer?

[DEFENDANT]: I already talked to the DA. I knew I was getting probation. I knew I was going home. I ain't need no lawyer.

Defendant's statements indicate he knew that he was charged with two felonies and that the assistant district attorney was offering to drop only one of those felonies in exchange for a plea to the other felony and probation. Thus, defendant evidences sufficient understanding of the plea agreement to conclude that he did not need an attorney in order to avail himself of the offer.

Another exchange that took place at the 8 March 2000 hearing shows defendant's knowledge of his right to an attorney and his desire to forgo that right. On cross-examination, the following colloquy ensued:

[ASSISTANT DISTRICT ATTORNEY]: Okay. You remember coming to court January 1993, didn't you?

[DEFENDANT]: Yes, sir.

[ASSISTANT DISTRICT ATTORNEY]: And you don't know the judge's name?

[DEFENDANT]: No, sir.

[ASSISTANT DISTRICT ATTORNEY]: Okay. And you remember him reading your—telling you what your rights were regarding a lawyer?

[DEFENDANT]: Yes, sir.

On recross-examination, the discussion continued as follows:

[DEFENDANT]: . . . [The judge] asked me [in March], did I need an attorney. I told him I didn't need one.

[ASSISTANT DISTRICT ATTORNEY]: You've been in juvenile court before, right?

[DEFENDANT]: Yes, sir.

[ASSISTANT DISTRICT ATTORNEY]: You hired lawyers—you had lawyers, hadn't you?

[DEFENDANT]: Yes, I had a lawyer when I went to juvenile court.

[ASSISTANT DISTRICT ATTORNEY]: Okay. So, you knew what that process was about, didn't you?

[DEFENDANT]: No. My mother handled that.

[ASSISTANT DISTRICT ATTORNEY]: You knew—

[DEFENDANT]: My mother got me a lawyer.

[ASSISTANT DISTRICT ATTORNEY]: You knew that if you were charged with something, Mr. Fulp, you had the right to hire a lawyer and have one represent you, didn't you?

[DEFENDANT]: I knew I had a right to a lawyer.

Thus, defendant admitted knowing what his rights were (which he acknowledged the judge read to him), and once again, he expressed "clearly and unequivocally" his desire not to have an attorney represent him.

Ultimately, defendant had an opportunity to put forth evidence at the 8 March 2000 hearing in order to support his position that he did not "knowingly, intelligently, and voluntarily" waive counsel. As

stated previously, defendant was the only person who testified at this hearing, and he provided no evidence at this hearing that would tend to show that he did not "knowingly, intelligently, and voluntarily" waive counsel. The fact that defendant was seventeen years old with a ninth-grade education is not enough, absent other evidence, to conclude that defendant was unable to understand the nature and consequences of the proceedings against him or the decision that he made regarding waiver of counsel.

Furthermore, we note that although the waiver of counsel form was not completely filled out, defendant did in fact sign the form. This, combined with defendant's testimony in which he stated multiple times that he did not wish to have an attorney represent him, and the fact that defendant signed a transcript of plea in 1993 acknowledging that he understood his rights, the charges against him, and that he was pleading guilty to a felony, provides added evidence that defendant "knowingly, intelligently, and voluntarily" waived counsel. Moreover, along with findings of fact five and six written above, the trial court also found the following:

2. The defendant swore before [a] Deputy Clerk of Superior Court . . . that:

   a. He had been fully informed of the charges against him;

   b. He had been fully informed of the nature of and the statutory punishment for the charge; and

   c. He had been fully informed of the nature of the proceedings against him.

3. He further swore before [the deputy clerk] that he had BEEN ADVISED OF:

   a. His right to have counsel ASSIGNED to assist him AND his right to have the ASSISTANCE of counsel in defending the charge or in handling the proceedings[.]

4. He further swore before [the deputy clerk] that he fully understood and appreciated the consequences of his decision to waive the right to assigned counsel and the right to assistance of counsel.

These findings of fact sufficiently show that defendant was fully aware of his right to counsel; that he understood and appreciated the

consequences of his decision; and that he "knowingly, intelligently, and voluntarily" waived his right to counsel.

Based on defendant's testimony at the 8 March 2000 hearing, the trial court's findings of fact, and the waiver of counsel form, we conclude that the trial court correctly determined that defendant did not show by a preponderance of the evidence, as required by N.C.G.S. § 15A-980(c), that he had not waived his right to counsel. Furthermore, the trial court's conclusion that defendant's waiver of counsel was made "knowingly, intelligently, and voluntarily" was adequately supported by its findings of fact, which in turn was supported by the evidence. Therefore, we reverse the decision of the Court of Appeals and hold that the trial court properly denied defendant's motion to suppress prior convictions.

REVERSED.