STATE OF NORTH CAROLINA v. DAVID RAY PHILLIPS

No. COA01-648

(Filed 19 March 2002)

**1. Appeal and Error— record on appeal—superior court jurisdiction—district court judgment not included**

An appeal from convictions for speeding and refusing to produce a driver's license could have been dismissed where the record on appeal did not include a copy of the district court judgment establishing derivative jurisdiction in the superior court.

**2. Criminal Law— jurisdiction—assertion that jurisdiction lacking—no opposing statement filed**

The Court of Appeals rejected a criminal defendant's argument that the State effectively stipulated that the trial court lacked jurisdiction by failing to file a sworn statement challenging his assertion of a lack of jurisdiction. Defendant failed to cite any legal authority for his proposition.

**3. Criminal Law— jurisdiction in state court—constitutional provision**

Jurisdiction was established for a prosecution for speeding and failing to produce a license by a citation which clearly averred that the crimes were committed in North Carolina. Article III, Section 2, Clause 1, of the U.S. Constitution does not confer original jurisdiction on the U.S. Supreme Court in criminal matters brought by a state against its citizen for a crime occurring in that state.

**4. Statutes— enacting language—preamble—session laws**

A defendant convicted of speeding and failure to produce a license failed to show that the phrase "The General Assembly of North Carolina enacts . . ." was not properly included in Chapt. 20, as required by the North Carolina Constitution, where the proper language was included in the session laws. The enacting clause is generally in the preamble to an act and is not required in the law as codified.

**5. Criminal Law— limited appearance to contest jurisdiction—not allowed**

The trial court had jurisdiction over a defendant convicted of speeding and failure to produce a license where defendant attempted to limit his appearance to challenging jurisdiction, but did not cite any statute or case providing a criminal defendant with this right. Moreover, defendant was properly served with the citation.

**6. Criminal Law— officer issuing citation—not unauthorized practice of law**

A defendant convicted of speeding and refusing to produce a license was properly charged even though he contended that the officer who issued his citation was not authorized to "enter pleadings" on behalf of the State and was engaged in the unauthorized practice of law, and that the trial court erred by failing to hold a probable cause hearing. The officer issued a citation which complied with the statutory requirements and then transported defendant to a magistrate. The citation indicated that the magistrate determined that probable cause existed.

**7. Constitutional Law— right to counsel—voluntarily waived**

The defendant in a prosecution for speeding and failing to produce a license voluntarily, knowingly, and intelligently proceeded without counsel where the court repeatedly advised defendant of his right to have an attorney present and that one would be appointed if defendant could not afford an attorney; defendant clearly and unequivocally asserted that he did not wish to proceed with an attorney and protested when the trial court attempted to have one appointed for him; the court informed defendant of the consequences of this action and defendant stated that he understood; and the court engaged in a lengthy discussion with defendant about the nature of the charges and the possible punishments.

STATE v. PHILLIPS

[149 N.C. App. 310 (2002)]

**8. Criminal Law— citation—statement of charges not required**

> The trial court did not err by proceeding to trial upon a cita-
> tion in a prosecution for speeding and failing to produce a license
> because defendant had already been tried by citation in district
> court and was no longer entitled to assert his statutory right to
> require a statement of charges. Because the State was not
> required to file a statement of charges, the three-day trial prepa-
> ration period of N.C.G.S. § 15A-922(a) did not apply.

**9. Criminal Law— continuance to secure attorney—denied**

> The trial court did not abuse its discretion by denying defend-
> ant's motion for a continuance to secure an attorney in a prose-
> cution for speeding and failing to produce a license where
> defendant initially asserted that he did not wish to hire an attor-
> ney and objected when the court attempted to appoint one for
> him; defendant objected to having to return to court the following
> day, stating that he wanted to proceed to trial that day; the next
> morning, he stated that he wanted a forty-five day continuance to
> find an attorney; the State objected, stating that defendant had
> had ample time (5 months) since his arrest to secure an attorney;
> the trial court allowed defendant that afternoon to bring in an
> attorney; defendant declined; and the trial proceeded.

Appeal by defendant from judgments entered 12 December 2000
by Judge Judson D. DeRamus, Jr. in Forsyth County Superior Court.
Heard in the Court of Appeals 13 February 2002.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney
General Hal F. Askins, for the State.*

*David Ray Phillips, defendant-appellant, pro se.*

HUNTER, Judge.

David Ray Phillips ("defendant") appeals convictions for speed-
ing and failure to produce a driver's license. We hold there was no
error in defendant's trial or sentencing.

On 28 July 2000, Officer Enned Gaylor of the Winston-Salem
Police Department used radar to clock a vehicle driven by defendant
as traveling fifty-seven miles per hour in a thirty-five mile-per-hour
zone. Officer Gaylor activated the lights and siren on his patrol car
and pursued defendant's vehicle for approximately one to one and a

half miles before defenant pulled over. Officer Gaylor approached the vehicle and requested defendant's license and registration. Defendant did not produce a license and registration, but instead opened his window less than an inch and slid a laminated card out of the vehicle. The card read as follows:

"Dear public servant,

With all due respect to you, and no offense intended, I desire to inform you of the following: I am now exercising my Fifth Amendment right to 'not' answer any questions that may incriminate me, and neither will I present any material evidence that may be used against me in a Court of Law. I do not 'consent' to converse with you.

Unless you are placing me under arrest, or can state specific facts which warrant your detaining me further, I now ask that you allow me to go about my business, as is my right as a United State's citizen.

· Thank you."

After reading the card, Officer Gaylor instructed defendant to exit his vehicle. Officer Gaylor attempted to open the vehicle door, but it was locked. Defendant asked if he was under arrest, and when Officer Gaylor responded affirmatively, defendant exited the vehicle. Officer Gaylor stated that defendant was being arrested for failure to produce a driver's license upon request. Although Officer Gaylor noticed that defendant was holding what appeared to be a license in his hand, defendant never gave his license to Officer Gaylor following the request.

Defendant was charged and tried for the offenses of speeding, refusing to produce a driver's license, and failure to stop for a police vehicle with active lights and a siren. On 12 December 2000, a jury convicted defendant of speeding and refusing to produce a license. The trial court entered judgment thereon, and as to both convictions sentenced defendant to forty-five days in prison, which sentences were suspended in exchange for supervised probation, a fine, and court costs.

[1] As a preliminary matter, we note defendant has failed to include in the record on appeal a copy of the district court judgment establishing the derivative jurisdiction of the superior court. As the appellant, it is defendant's burden to produce a record establishing the

jurisdiction of the court from which appeal is taken, and his failure to do so subjects this appeal to dismissal. *See State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). Nevertheless, pursuant to N.C. Gen. Stat. § 7A-32(c) (1999), we elect to exercise our discretion to treat defendant's appeal as a petition for certiorari and grant the writ to address the merits of this appeal. *See Gibson v. Mena*, 144 N.C. App. 125, 127, 548 S.E.2d 745, 746 (2001); *Munn v. Munn*, 112 N.C. App. 151, 154, 435 S.E.2d 74, 76 (1993).

[2] Defendant brings forth ten assignments of error on appeal. By his first assignment of error, he argues the trial court "erred in dismissing [his] sworn demand to dismiss for want of subject-matter/in personam jurisdiction." Defendant argues that it is "a well known maxim of law that sworn statements which go unanswered or uncontested with opposing sworn statements, are considered to be stipulated to as facts of the case by the opposing party." Defendant has failed to cite any legal authority for his proposition that the State effectively stipulated that the trial court lacked jurisdiction when it failed to file an opposing sworn statement challenging defendant's assertion that the trial court lacked jurisdiction. We therefore reject this argument.

[3] By his second assignment of error, defendant argues the trial court erred in exercising subject matter and in personam jurisdiction over him for three reasons. First, defendant argues that because the State is a party to this case, the United States Supreme Court has original subject matter jurisdiction, and thus the trial court could not have had jurisdiction. Defendant cites Article III, Section 2, Clause 2 of the United States Constitution, providing that in cases "in which a state shall be party, the supreme court shall have original jurisdiction." U.S. Const. art. III, § 2, cl. 2. However, defendant fails to recognize that no new jurisdiction is conferred by this section, but rather, it "merely distributes the jurisdiction conferred by clause one," the preceding section. *Massachusetts v. Missouri*, 308 U.S. 1, 19, 84 L. Ed. 3, 10 (1939). "The original jurisdiction of [the Supreme] Court, in cases where a State is a party, 'refers to those cases in which, according to the grant of power made in the preceding clause, jurisdiction might be exercised in consequence of the character of the party, and an original suit might be instituted in any of the federal Courts; not to those cases in which an original suit might not be instituted in a federal Court.' " *Id.* at 19-20, 84 L. Ed. at 10 (citation omitted); *see also Oklahoma ex rel. Johnson v. Cook*, 304 U.S. 387, 392, 82 L. Ed. 1416, 1419 (1938) (it is not enough that the State is a plaintiff to bring a case within the original jurisdiction of the Supreme Court).

Article III, Section 2, Clause 1 does not confer jurisdiction over criminal matters brought by a state against its own citizen for a crime occurring in that state. *See* U.S. Const. art. III, § 2, cl. 1. Rather, in such cases, the Constitution specifically provides that the trial of all crimes "shall be held in the state where the said crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. This argument is rejected. Accordingly, we also reject defendant's related argument that the State failed to affirmatively establish the facts necessary to show jurisdiction, as defendant's citation clearly avers that the crimes were committed in Forsyth County, North Carolina.

[4] Defendant further argues that the trial court lacked subject matter jurisdiction over this case because Chapter 20 of the North Carolina General Statutes, pursuant to which defendant was prosecuted, was not properly enacted, and therefore there was "no duly enacted law as required by the Constitution." Defendant relies upon Article II, Section 21 of the North Carolina Constitution, which states that the style of the acts of the legislature shall be as follows: " 'The General Assembly of North Carolina enacts:' ". N.C. Const. art. II, § 21. Defendant claims that because Chapter 20, as enacted, fails to contain this enacting clause, it is not duly enacted law under which he can be properly prosecuted. However, the State argues, and we agree, that Article II, Section 21 does not require the enacting clause to be included in the actual law as codified; rather, the enacting clause is generally included in the preamble to an act. While the enacting clause is required for the act to become law, it does not itself become law, nor is that required to be the case. The State maintains that the session laws to each of the sections of Chapter 20 under which defendant was prosecuted contain the proper enacting clause language required by the Constitution. Defendant has failed to show that such language was not properly included.

[5] By his third assignment of error, defendant argues the trial court lacked in personam jurisdiction because there was no valid service of process, and because defendant limited his appearances for the purpose of challenging jurisdiction. Defendant has failed to set forth any criminal case or statute providing a criminal defendant with the right to limit his appearance at trial in order to challenge jurisdiction. In any event, the record reveals that defendant was properly served with the citation under N.C. Gen. Stat. § 15A-302(d) (1999).

[6] In his fourth, fifth, and sixth assignments of error, defendant challenges the process by which he was charged with the offenses. He

contends that the citation issued by Officer Gaylor failed to conform to due process of law; that Officer Gaylor was not authorized to "enter pleadings" on behalf of the State, and thus his issuance of the citation constituted the unauthorized practice of law; and that the trial court erred in failing to hold a probable cause hearing. However, the record reveals that defendant was properly charged with the offenses in accordance with the law.

Under N.C. Gen. Stat. § 15A-401(b)(1) (1999), an officer "may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense in the officer's presence." N.C. Gen. Stat. § 15A-401(b)(1); *see also* N.C. Gen. Stat. § 15A-302(b) (officer "may issue a citation to any person who he has probable cause to believe has committed a misdemeanor or infraction"). Officer Gaylor testified that he clocked defendant on radar going fifty-seven miles per hour in a zone where the posted speed limit is thirty-five miles per hour, and that defendant failed to produce a valid driver's license upon request. Office Gaylor issued defendant a citation which complied with all necessary requirements of N.C. Gen. Stat. § 15A-302(c) and (d): it identified the crimes charged and the date of the offenses; it contained the name and address of the person cited; it identified the officer issuing the citation; and it designated the court in which defendant was required to appear, and the date and time. Moreover, Officer Gaylor certified service by signing the original citation as permitted by N.C. Gen. Stat. § 15A-302(d).

Upon making the arrest without a warrant, Officer Gaylor was required to take defendant before a "judicial official." N.C. Gen. Stat. § 15A-501(2) (1999). The judicial official is required to make a determination of whether there exists probable cause to believe the crime has been committed. N.C. Gen. Stat. § 15A-511(c)(1) (1999). Officer Gaylor testified that upon arresting defendant, he transported him to a magistrate at the Forsyth County Law Detention Center. Defendant's citation contained in the record has been filled out by a magistrate, indicating that the magistrate determined that there existed probable cause that defendant committed the offenses charged.

We have reviewed defendant's arguments challenging the constitutionality of these statutes, and we hold them to be without merit. The record shows that defendant was properly charged with these offenses under the applicable statutes, and that his constitutional rights were not abridged. These assignments of error are overruled.

**[7]** By his seventh assignment of error, defendant maintains the trial court erred in imposing a sentence absent defendant's voluntary, knowing, and intelligent waiver of counsel. Defendant argues that he never waived any right to counsel, and further, that the trial court never adequately explained his right to counsel and the nature of the charges against him. Again, we disagree.

Our Supreme Court recently summarized a trial court's responsibilities pertaining to a defendant's waiver of the right to proceed without counsel. *See State v. Fulp*, 355 N.C. 171, 558 S.E.2d 156 (2002). The Court in *Fulp* noted that a defendant has the right to " '. . . "handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." ' " *Id.* at 174, 558 S.E.2d at 158 (citations omitted). However, before the trial court may permit a defendant to proceed without counsel, the court must ensure that various requirements are met. *Id.* at 174-75, 558 S.E.2d at 159. First, a defendant must express his desire to proceed without counsel ". . . ' "clearly and unequivocally." ' " *Id.* at 175, 558 S.E.2d at 159. (citations omitted). Second, the trial court must determine whether a defendant " 'knowingly, intelligently, and voluntarily' waives his right to counsel." *Id.* (citation omitted). In determining if this requirement is met, it is sufficient if the trial court is satisfied as to factors set forth in N.C. Gen. Stat. § 15A-1242 (1999). *Id.* That statute provides:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242.

Applying these principles here, it is clear that the trial court conducted the proper inquiry into the statutory factors, and that these factors were satisfied. The trial court repeatedly advised defendant of

his right to have an attorney present, and that if he could not afford an attorney, one would be appointed to him. Defendant clearly and unequivocally asserted that he did not wish to proceed with an attorney, and protested when the trial court attempted to have one appointed for him. The trial court informed defendant of the consequences of this action, including that he would not have the assistance of an attorney, that he would be held to the same standards as an attorney, and that the court would not act as his attorney during trial. Defendant stated that he understood and appreciated these consequences.

The trial court also engaged in a lengthy discussion with defendant about the nature of the charges to ensure that he understood them. The trial court also informed defendant of the possible punishments for all charges if convicted. The trial court complied with N.C. Gen. Stat. § 15A-1242 prior to allowing defendant to proceed without counsel, and thus, defendant's decision to do so was voluntary, knowing, and intelligent. *See Fulp*, 355 N.C. at 176, 558 S.E.2d at 159. This assignment of error is overruled.

[8] By his eighth assignment of error, defendant maintains that the trial court erred in proceeding upon a citation. Defendant is correct in stating that N.C. Gen. Stat. § 15A-922(a) (1999) requires that the State file a statement of the charges where a defendant objects to being tried by citation. However, a defendant's objection to trial by citation must be asserted in the court of original jurisdiction, in this case, the district court. *See State v. Monroe*, 57 N.C. App. 597, 599, 292 S.E.2d 21, 22 (1982) (defendant's statutory right to object under N.C. Gen. Stat. § 15A-922(a) applies only in the court of original jurisdiction). Thus, in *Monroe*, we held that "[o]nce jurisdiction had been established and defendant had been tried in district court, therefore, he was no longer in a position to assert his statutory right to object to trial on citation when he appealed to superior court." *Id.* Here, defendant, having already been tried by citation in district court, is no longer entitled to assert his right under N.C. Gen. Stat. § 15A-922(a). This assignment of error is overruled.

Defendant next argues that the trial court erred in failing to give him three days to prepare his defense. Defendant cites N.C. Gen. Stat. § 15A-922(b)(2), requiring that upon motion, a defendant is entitled to three working days for the preparation of his defense following the State's filing of a statement of the charges. However, we have already held that the State was not required to file a statement

of the charges under N.C. Gen. Stat. § 15A-922(a), and thus, N.C. Gen. Stat. § 15A-922(b) does not apply.

**[9]** By his final assignment of error, defendant asserts the trial court erred in denying his motion to continue, thereby failing to allow defendant time to secure his own attorney. The transcript shows that when defendant initially appeared before the trial court he repeatedly asserted that he did not wish to hire an attorney, nor did he want one appointed to represent him. Indeed, defendant objected when the trial court attempted to appoint one for him. Defendant also objected to having to return to court the following morning for trial, stating that he wanted to proceed to trial that day. The next morning as the trial was set to commence, defendant informed the trial court that he wished to have a continuance of forty-five days in order to secure his own attorney. The State objected, stating that defendant had had ample time since his arrest (approximately five months earlier) to secure an attorney, and that defendant had been informed of his right to an attorney the preceding day and had repeatedly expressed his desire to proceed without one. The trial court acknowledged that it had told defendant that he could bring his own attorney in at any time during the trial should he want the assistance of counsel, and thus, the trial court told defendant he could bring in an attorney. However, the trial court determined that defendant was not entitled to a forty-five day continuance in order to do so. Rather, the trial court, noting that defendant had had ample time to secure an attorney in the matter, allowed defendant until that afternoon to bring in an attorney for the commencement of trial. Defendant declined to do so, and the trial proceeded.

"A motion for a continuance is ordinarily addressed to the sound discretion of the trial court, and the ruling will not be disturbed absent a showing of abuse of discretion." *State v. Call*, 353 N.C. 400, 415, 545 S.E.2d 190, 200, *cert. denied*, —— U.S. ——, 151 L. Ed. 2d 548 (2001). "Even when the motion raises a constitutional issue, denial of the motion is grounds for a new trial only upon a showing that 'the denial was erroneous and also that [defendant's] case was prejudiced as a result of the error.' " *Id.* (citation omitted).

In the present case, we hold the trial court's denial of the motion was not erroneous in light of the circumstances of the case, particularly because defendant had some five months' time prior to trial in which to hire an attorney, but declined to do so. Moreover, the trial court did not deny defendant the ability to have his own attorney present, and offered to delay defendant's trial by several hours to per-

mit defendant to hire an attorney. Defendant declined to do so. Defendant has also failed to argue on appeal that the denial of his motion prejudiced him in any way.

Defendant's trial was free of error.

No error.

Judges WALKER and BRYANT concur.