STATE OF NORTH CAROLINA v. DENAE JITON BLOCKER

No. COA11-940

(Filed 6 March 2012)

**Sentencing—motion to suppress prior conviction—not a collateral attack**

The trial court abused its discretion by summarily denying defendant's motion to suppress a prior conviction for sentencing purposes as a collateral attack. Although defendant could not seek to overturn her prior conviction, N.C.G.S. § 15A-980 granted her the right to move to suppress the conviction's use in this case.

Appeal by Defendant from judgment dated 18 May 2011 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 9 February 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Christine A. Goebel, for the State.*

*Beaver, Holt, Sternlicht & Courie, P.A., by H. Gerald Beaver, for Defendant.*

STEPHENS, Judge.

On 12 October 2009, Defendant Denae Jiton Blocker was indicted on 11 charges related to a hotel robbery. Blocker pled guilty to the consolidated charges pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162 (1970), in Cumberland County Superior Court, the Honorable Gregory A. Weeks presiding. Following entry of her plea, but prior to sentencing, Blocker filed, pursuant to N.C. Gen. Stat. § 15A-980, a "Motion to Suppress Prior Conviction for Sentencing Purposes," seeking suppression of a 2007 conviction that Blocker alleged was obtained in violation of her right to counsel.[1] The trial court briefly heard arguments of counsel before denying Blocker's motion. Following presentation of evidence at the sentencing hearing, the trial court sentenced Blocker to 61 to 83 months imprisonment. Blocker appeals.

---

1. Section 15A-980 provides that "[a] defendant has the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel if its use by the State [will] . . . [r]esult in a lengthened sentence of imprisonment." N.C. Gen. Stat. § 15A-980(a) (2011).

The sole issue on appeal is whether the trial court erred in deny-ing Blocker's motion to suppress the use of her 2007 conviction in sentencing her on the 2009 charges. Blocker argues that she was enti-tled to an evidentiary hearing on her motion and that the trial court's summary denial of her motion was erroneous. We agree.

In denying Blocker's motion, the trial court agreed with the State's contention that Blocker's motion, which alleged that she was indigent and did not knowingly and voluntarily waive counsel when she pled guilty to the 2007 conviction, was an impermissible *Boykin*-style "collateral attack"[2] on Blocker's 2007 conviction and that the motion "was a matter that . . . should have been raised by way of [a motion for appropriate relief] at the District Court level" where Blocker was previously convicted. However, as noted in a prior unpublished opinion by this Court, while a *Boykin* challenge cannot be used to collaterally attack a prior conviction, a defendant may con-test, pursuant to section 15A-980, a trial court's use of that prior conviction at a sentencing hearing. *State v. Fulp*, No. COA97-1305 (N.C. App. Dec. 15, 1998). In that case, the defendant moved to sup-press a prior conviction on the grounds that the defendant did not knowingly and voluntarily waive his right to counsel, and the trial court summarily denied the motion, concluding that it constituted an improper collateral attack on the prior conviction pursuant to *Boykin*. *Id.*, slip op. at 2. On appeal in *Fulp*, we held that the trial court erred in summarily denying the motion because the defendant did not seek to overturn, or collaterally attack, his prior conviction pursuant to *Boykin*, but rather sought to suppress the use of that conviction for sentencing. *Id.*, slip op. at 3. We, therefore, remanded the case to the trial court for a proper determination of the defend-ant's motion. *Id.* While we recognize that this prior unpublished decision is not binding, *United Servs. Auto. Ass'n v. Simpson*, 126 N.C. App. 393, 396, 485 S.E.2d 337, 339, *disc. review denied*, 347 N.C. 141, 492 S.E.2d 37 (1997), we find the reasoning persuasive. We further note that, on appeal after remand, both this Court and our

---

2. Pursuant to the United States Supreme Court's decision in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274 (1969)—in which the Supreme Court overturned a defend-ant's convictions on the ground that the record did not show that the defendant was aware of the consequences of his plea—our courts have held that when a defendant, whether represented by counsel or not, enters a plea of guilty or no contest, the record must affirmatively show that the defendant did so voluntarily and understandingly. *E.g.*, *State v. Ford*, 281 N.C. 62, 65, 187 S.E.2d 741, 743 (1972). In *State v. Stafford*, 114 N.C. App. 101, 440 S.E.2d 410 (1994), this Court held that a challenge to a prior conviction pursuant to *Boykin* could not be made collaterally, but must be brought in the case in which the original conviction was obtained.

Supreme Court addressed the propriety of the trial court's ruling on the defendant's motion following an evidentiary hearing, specifically the propriety of the trial court's findings regarding the voluntary and knowing nature of the defendant's waiver of representation at his prior conviction. *See State v. Fulp*, 355 N.C. 171, 558 S.E.2d 156, (2002); *State v. Fulp*, 144 N.C. App. 428, 548 S.E.2d 785 (2001). The implication from those rulings, which *are* binding on this Court, is that a motion to suppress a prior conviction that challenges the voluntary nature of a waiver of counsel for that prior conviction may properly be made before the sentencing judge for a subsequent conviction.

In this case, Blocker's motion and supporting affidavit raised factual issues regarding her alleged indigence and waiver of counsel, but the trial court summarily denied the motion on grounds that it constituted an impermissible collateral attack. That ruling by the trial court was erroneous. Although Blocker could not seek to overturn her prior conviction pursuant to *Boykin*, section 15A-980 grants Blocker the right to move to suppress that conviction's use in this case. The trial court's decision to summarily deny that motion to suppress as a collateral attack was an abuse of discretion. *See State v. Harvey*, 78 N.C. App. 235, 237, 336 S.E.2d 857, 859 (1985) (stating that the trial court's decision to summarily deny a motion to suppress that fails to set forth adequate legal grounds is vested in the sound discretion of the trial court). Accordingly, we vacate the action of the trial court and remand the case for proper determination of Blocker's motion.

VACATED and REMANDED.

Judges STROUD and BEASLEY concur.