Randy Ray REDDEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–84–539.

Court of Criminal Appeals of Oklahoma.

July 1, 1987.

Rehearing Denied July 22, 1987.

Randy Ray Redden, pro se.

Michael C. Turpen, Atty. Gen., and Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Randy Ray Redden, appellant, was tried and convicted upon three separate counts for the misdemeanor offenses of: (1) speeding in violation of 47 O.S.1981, § 11–801(a); (2) driving without a driver's license in violation of 47 O.S.1981, § 6–303(a); and (3) failing to display a current tag in violation of 47 O.S.1981, § 22.23–1, in Case Nos. CRT–83–2645, CRT–83–2646, and CRT–83–2647, respectively, in the District Court of Beckham County. The appellant appeared pro se. The jury returned verdicts of guilty and set punishment respectively at: (1) 30 days in jail and a $200.00 fine; (2) a $20.00 fine plus costs; and (3) a $100.00 fine. The trial court sentenced the defendant in accordance with the jury's verdict. From these judgments and sentences, the appellant appeals.

On August 30, 1983, an Oklahoma Highway Patrolman was traveling east on State Highway 6, east of the junction of Highways 283 and 6. He observed three vehicles traveling west on that highway. The trooper noticed the appellant's vehicle pull out and pass the other two vehicles. Thereupon, the patrolman, believing the appellant to be speeding, turned his vehicle back to the west, passed the other two vehicles, and clocked the appellant's vehicle by radar at 70 m.p.h. He followed the appellant at that speed for approximately one mile.

After the appellant was pulled over, the trooper observed that the appellant's vehicle bore a 1980 sticker on its license tag. The tag had expired in December 1980. The appellant informed the trooper that he was not obligated to buy a tag and had experienced difficulties with the Oklahoma Tax Commission concerning the tag.

During the stop, the trooper also asked to see the appellant's driver's license. The appellant informed the patrolman that he did not have a driver's license.

The appellant testified on his own behalf and denied that he was traveling 70 m.p.h. However, he admitted that he was speeding, stating his speed to be around 65 m.p.h. He also admitted that he did not have a valid driver's license, but theorized that the State could not compel him to have a license.

■ The appellant asserts initially that he was denied a fair trial because the jury was not allowed to be the trier of law as well as the trier of facts. The appellant cites authority to support his common law contention that the jury should determine the law.

However, the State of Oklahoma has enacted legislation which disposes of this common law concept. As 22 O.S.1981, § 832 provides:

The Court must decide all questions of law which arise in the course of the trial.

Furthermore, 22 O.S.1981, § 834 defines the jury's role as follows:

On the trial of an indictment or information, questions of law are to be decided by the court, and the questions of fact are to be decided by the jury; and, although the jury have the power to find general verdict, which includes questions of law as well as fact, they are bound, nevertheless, to receive the law which is laid down as such by the court.

This assignment is without merit.

■ The appellant next objects that the State failed to meet its burden of proof through prejudicial wording of the consolidated information that he "willfully" and "wrongfully" committed the traffic offenses.

The appellant's argument is misplaced. The offenses he was charged with were not specific intent crimes. The allegations in the information that they were committed "willfully" merely denotes that the appellant "knowingly" committed the acts. *Lamb v. State*, 293 P.2d 624 (Okl.Cr.1956). The record reveals that the appellant knowingly committed the acts with which he is charged. He acknowledged at trial that he knew he was speeding. He acknowledged that he did not have a current driver's license, and finally, he admitted that his tag had expired. We are of the opinion that the State met its burden of proof.

The appellant next asserts as error the fact that he was prosecuted selectively for the crime of speeding. At trial, the patrolman admitted that while one of the other cars was going 56 m.p.h., he chose to stop the appellant, who he clocked doing 70 m.p.h. Selective enforcement of the law itself is not a constitutional violation. *United States v. Brookshire*, 514 F.2d 786 (10th Cir.1975); *see also Heartsill v. State*, 341 P.2d 625 (Okl.Cr.1959). This assignment is without merit.

Under the appellant's next several assignments, he asserts as error the manner in which the trial court conducted the trial.

The appellant's patently frivolous assertions raised on appeal in a rambling narrative, unsupported by any authority will not be considered on appeal. *Sisson v. City of Oklahoma City*, 714 P.2d 1043 (Okl.Cr. 1986).

The appellant's next assignment alleges the trial court erred by refusing his proposed instruction to the jury, while granting the State's proposed instruction. Instructions to be given the jury are within the discretion of the trial court and its judgment thereon will not be disturbed as long as the instruction given, taken as a whole, fairly and accurately states the applicable law. *Allison v. State*, 675 P.2d 142 (Okl.Cr.1983). We find no error in the trial court's instruction.

The appellant's next assignment of error alleges that he has an absolute vested right to use the highways free from State licensing requirements.

This assertion is groundless and meritless. The Oklahoma Legislature has exhibited its concern for the public's safety by its enactment of 47 O.S.Supp.1983, § 6–101, prohibiting persons without operator's licenses from driving upon the State's highways unless expressly exempted. The record reveals no exemption for the appellant. It has long been recognized that the State has the right to regulate the use of public highways. *Raper v. State*, 96 Okl.Cr. 18, 248 P.2d 267 (1952); *see also Collins-Dietz-Morris Co. v. State Corporation Commission*, 154 Okl. 121, 7 P.2d 123 (1931). Therefore, without a valid driver's license the appellant was in violation of the law.

The appellant's final assignment is meritless and frivolous.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.