STATE OF NORTH CAROLINA v. DAVID RAY PHILLIPS

No. COA01-1236

(Filed 3 September 2002)

**1. Criminal Law— in personam jurisdiction—inability to limit appearance for purposes of challenging jurisdiction**

The trial court did not lack in personam jurisdiction in a failure to produce a driver's license case even though defendant alleges invalid service of process and the fact that he limited his appearances for the purposes of challenging jurisdiction, because: (1) defendant has failed to set forth any criminal case or statute providing a criminal defendant with the right to limit his appearance at trial in order to challenge jurisdiction; and (2) the record reveals that defendant was lawfully served by the county district attorney with a misdemeanor statement of charges.

**2. Constitutional Law— right to counsel—advice of non-lawyer not included**

The trial court did not err in a failure to produce a driver's license case by allegedly denying defendant his counsel of choice,

---

namely the advice of a non-lawyer, because there is no Sixth Amendment right to be represented by a non-attorney.

**3. Motor Vehicles— reckless driving—failure to produce license—uniform citation—misdemeanor statement of charges**

Defendant was properly charged and tried for misdemeanor offenses of reckless driving and failure to produce a driver's license where the offenses were committed in the officer's presence; the officer issued defendant a uniform citation for those offenses; the officer took defendant before a magistrate who found that probable cause existed; and defendant objected to service by criminal citation and was then served with a statement of charges by an assistant district attorney pursuant to N.C.G.S. §§ 15A-303(a) and 15A-922(a).

**4. Constitutional Law— right to counsel—voluntary waiver**

The trial court did not err in a failure to produce a driver's license case by imposing a jail sentence even though defendant contends it was absent a voluntary waiver of counsel, because: (1) defendant unequivocally refused to have a lawyer represent him; (2) defendant understood the applicable law; and (3) the only thing that defendant did not understand was that "attorney" and "assistance of counsel" are one and the same.

**5. Criminal Law— failure to ask defendant for plea before jury empaneled—no undue prejudice**

The trial court did not err in a failure to produce a driver's license case by failing to ask defendant for a plea before the jury had been empaneled, because: (1) defendant failed to cite any legal authority for this proposition and even if the trial court should have requested the plea earlier, the trial court corrected the situation by asking defendant for the plea; (2) defendant knew the charges against him; and (3) defendant failed to show any undue prejudice from the trial court's proceedings.

Appeal by defendant from judgment entered 2 April 2001 by Judge William Z. Wood, Jr., in Yadkin County Superior Court. Heard in the Court of Appeals 22 May 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Kristine L. Lanning, for the State.*

*David Ray Phillips, defendant appellant, pro se.*

STATE v. PHILLIPS

[152 N.C. App. 679 (2002)]

McCULLOUGH, Judge.

Defendant David Ray Phillips was tried before a jury at the 30 March 2001 Criminal Session of Yadkin County Superior Court. Defendant had appealed convictions in district court of reckless driving and failure to produce his driver's license.

Evidence for the State tended to show that on 26 July 2000, Trooper R. D. Holbrook of the North Carolina Highway Patrol was working at a roadblock in Yadkin County. At approximately 8:40 p.m., he observed a white pick-up truck, which was later determined to be driven by defendant, pulling off on the side of the road ahead of the roadblock. He then observed the truck make a U-turn in front of another vehicle, nearly causing an accident, and proceed away from the roadblock. The trooper left the roadblock and pulled the vehicle over. He requested to see the operator's license and registration, at which time defendant handed the trooper a card that purported to invoke his Fifth Amendment rights. (For full text of the card, see *State v. Phillips,* 149 N.C. App. 310, 560 S.E.2d 852, *appeal dismissed,* 355 N.C. 499, 564 S.E.2d 230 (2002).) Defendant repeatedly refused the trooper's requests for his license and registration. Trooper Holbrook informed defendant that if he did not produce his license, he would break his vehicle window and remove defendant from the vehicle. Eventually, defendant exited the vehicle and was placed under arrest for reckless driving and failure to produce a driver's license.

At the trial court level, defendant was found not guilty of the reckless driving charge but guilty of the failure to produce a driver's license by a jury on 2 April 2001. Defendant was determined to have a prior record level II, and was sentenced to a term of 45 days, which was suspended for a 36-month period of supervised probation. Defendant was ordered to pay a $500 fine, court costs, complete 100 hours of community service, surrender his driver's license for 120 days, and lose his right to possess a firearm off his premises. In addition, defendant was sentenced to 30 days for criminal contempt. Judge Wood offered to reduce defendant's sentence for contempt to 3 days, which defendant accepted. However, defendant later informed the trial court that he was refusing to serve his probationary sentence, and opted to serve his active sentence.

Defendant brings forth the following assignments of error: The trial court erred in (1) failing to grant defendant's pretrial sworn demand to dismiss for want of subject matter/*in personam* jurisdiction; (2) failing to grant defendant's motion to dismiss for lack of sub-

ject matter jurisdiction and the court's exercise of subject matter/*in personam* jurisdiction; (3) the exercise of subject matter/*in personam* jurisdiction as it related to defendant by failing to grant defendant's motion to dismiss as no duly enacted law conferred jurisdiction over an "unenfranchised" state citizen; (4) denying defendant's notice and demand for right to counsel of choice; (5) failing to grant defendant's motion to dismiss for failure to state a claim upon which relief can be granted and reject as insufficient on its face the unsworn document used to prosecute defendant; (6) accepting pleadings filed by an executive officer in the name of the State and on behalf of the District Attorney; (7) failing to have a probable cause hearing; (8) imposing a jail sentence absent a willing, intelligent, informed and voluntary waiver of counsel; (9) failing to proceed properly; (10) failing to grant defendant's motion to dismiss for failure to prosecute and/or prejudicial behavior and inappropriate conduct; and (11) failing to grant discovery.

This Court notes that this is not the first time we have considered a case involving this defendant and these arguments. The very similar case of *Phillips*, 149 N.C. App. 310, 560 S.E.2d 852, involved the exact same defendant as the present case. The similarities only begin there. Defendant made many of the same bizarre arguments then as he does now. That Court dealt with many of those arguments and published the opinion, making it binding authority on this panel.

As a preliminary matter, the State points out that defendant's appeal is subject to dismissal for failure to include in the record on appeal a copy of the district court judgment establishing the derivative jurisdiction of the superior court. *See State v. Felmet*, 302 N.C. 173, 273 S.E.2d 708 (1981). While the State is correct, this Court, on its own initiative pursuant to N.C.R. App. P. 9(b)(5), has ordered and added the district court judgment and notice of appeal to the record on appeal. Thus, we proceed on the merits.

### I, II.

As to defendant's assignments of error 1 and 2, we cite *Phillips* as controlling law and those assignments and accompanying arguments are denied. *See Phillips*, 149 N.C. App. at 314-15, 560 S.E.2d at 855.

### III.

As to defendant's third assignment of error, insomuch as defendant relies on Article II, Section 21 of the North Carolina Constitution,

STATE v. PHILLIPS

[152 N.C. App. 679 (2002)]

we cite *Phillips* as controlling law and this part of his third assignment is denied. *Id.* at 315, 560 S.E.2d at 855-56.

**[1]** Defendant further argues, as he did in *Phillips*, that the trial court lacked *in personam* jurisdiction because there was no valid service of process and because he limited his appearances for the purposes of challenging jurisdiction. As in *Phillips*, "[d]efendant has failed to set forth any criminal case or statute providing a criminal defendant with the right to limit his appearance at trial in order to challenge jurisdiction." *Phillips*, 149 N.C. App. at 315, 560 S.E.2d at 856. The record reveals that in the present case, defendant was lawfully served by the Yadkin County District Attorney with a "Misdemeanor Statement of Charges" for reckless driving to endanger and failure to surrender license pursuant to N.C. Gen. Stat. § 15A-922 (2001). This part of defendant's assignment of error is also denied.

### IV.

**[2]** Defendant's next assignment of error contends that the trial court erred in denying him his counsel of choice. Specifically, defendant wished to have a non-lawyer advise him and the trial court refused his wish.

The Supreme Court of the United States has held:

The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.

*Wheat v. United States*, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 148-49, *reh'g denied*, 487 U.S. 1243, 101 L. Ed. 2d 949 (1988).

The North Carolina appellate courts have not had occasion to visit this specific area of the Sixth Amendment. Our current case law focuses mainly on the fact that an indigent defendant cannot chose his attorney if one is being appointed. *See, e.g., State v. Montgomery*, 138 N.C. App. 521, 530 S.E.2d 66 (2000). We will follow *Wheat* and hold that there is no Sixth Amendment right to be represented by a non-attorney. This assignment of error is denied.

### V, VI, VII

**[3]** Defendant's fifth, sixth and seventh assignments of error challenge the process by which he was arrested, served and tried. His arguments before this Court are generally the same as the arguments

he made in the previous case. As it did there, the record before this Court reveals that defendant was properly charged with the offenses in accordance with the law.

> Under N.C. Gen. Stat. § 15A-401(b)(1) (1999), an officer "may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense in the officer's presence." N.C. Gen. Stat. § 15A-401(b)(1); *see also* N.C. Gen. Stat. § 15A-302(b) (officer "may issue a citation to any person who he has probable cause to believe has committed a misdemeanor or infraction").

*Phillips*, 149 N.C. App. at 316, 560 S.E.2d at 856.

The arresting officer, Trooper Holbrook, observed defendant make a reckless U-turn in violation of N.C. Gen. Stat. § 20-140(b) (2001), and when stopped, defendant refused to produce his driver's license in violation of N.C. Gen. Stat. § 20-29 (2001). Both of these offenses are Class 2 misdemeanors. Trooper Holbrook issued defendant a Uniform Citation which met the necessary requirements of N.C. Gen. Stat. § 15A-302 (2001), to which defendant ultimately objected to as a method of service.

> Upon making the arrest without a warrant, Officer [Holbrook] was required to take defendant before a "judicial official." N.C. Gen. Stat. § 15A-501(2) (1999). The judicial official is required to make a determination of whether there exists probable cause to believe the crime has been committed. N.C. Gen. Stat. § 15A-511(c)(1) (1999).

*Phillips*, 149 N.C. App. at 316, 560 S.E.2d at 856.

Trooper Holbrook brought defendant before a magistrate who found that probable cause existed. Defendant objected to service by criminal citation and was thus served with a Misdemeanor Statement of Charges pursuant to N.C. Gen. Stat. § 15A-303(a) (2001) and N.C. Gen. Stat. § 15A-922(a), by an assistant district attorney.

After reviewing the record and defendant's arguments, we hold these assignments of error are without merit and are overruled.

VIII.

[4] Defendant next contends that the trial court erred by imposing a jail sentence absent a voluntary waiver of counsel.

**STATE v. PHILLIPS**

[152 N.C. App. 679 (2002)]

In *Phillips*, this Court stated:

> Our Supreme Court recently summarized a trial court's responsibilities pertaining to a defendant's waiver of the right to proceed without counsel. *See State v. Fulp*, 355 N.C. 171, 558 S.E.2d 156 (2002). The Court in *Fulp* noted that a defendant has the right to " '. . . "handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." ' " *Id.* at 174, 558 S.E.2d at 158 (citations omitted). However, before the trial court may permit a defendant to proceed without counsel, the court must ensure that various requirements are met. *Id.* at 174-75, 558 S.E.2d at 159. First, a defendant must express his desire to proceed without counsel ". . . ' "clearly and unequivocally." ' " *Id.* at 175. (citations omitted). Second, the trial court must determine whether a defendant " 'knowingly, intelligently, and voluntarily' waives his right to counsel." *Id.* (citation omitted). In determining if this requirement is met, it is sufficient if the trial court is satisfied as to factors set forth in N.C. Gen. Stat. § 15A-1242 (1999). *Id.*

*Phillips*, 149 N.C. App. at 317, 560 S.E.2d at 857. N.C. Gen. Stat. § 15A-1242 (2001) states:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

*Id.*

The record is replete with discussions between defendant and two superior court judges. It seems clear to this Court that defendant unequivocally refused to have a lawyer represent him. For example, defendant stated that, "I have religious convictions, convictions against attorneys representing me." It is equally clear that defendant

understood the applicable law, since at the time he accused Judge Wood of violating the same. The charges were read to defendant by the assistant district attorney, and he acknowledged being served with the Misdemeanor Statement of Charges that he himself requested. The trial court advised defendant of the possible sentence, and the fact that there was little likelihood that he would receive an active sentence. The only thing that defendant did not understand was that "attorney" and "assistance of counsel" are one and the same. This assignment of error is overruled.

IX.

[5] By his ninth assignment of error, defendant argues that the trial court failed to proceed properly in that he was "arraigned in neither the District or Superior Courts according to procedural due process of law in that neither court properly advised [defendant] of his right to counsel, or ask for a plea."

As to defendant's argument regarding the plea, he claims that because the judge had to be reminded by him that no plea was entered, that the judge required him to enter his plea after a jury had been empaneled, and that the State had already called its first witness, he has been prejudiced and deserves a new trial.

The State responds that defendant has not cited any legal authority. Further, even if the trial court should have requested the plea earlier, the trial court corrected the situation by asking him for the plea. Defendant accused the trial court of evasive behavior and then said that he had no plea at that time. At that point, the trial court properly entered a plea of not guilty on behalf of defendant. *See* N.C. Gen. Stat. § 15A-942 (2001).

> Arraignment is the procedure whereby the defendant is "formally apprised of the charges pending against him and directed to plead to them." *State v. Smith*, 300 N.C. 71, 73, 265 S.E.2d 164, 166 (1980). However, "[w]here there is no doubt that a defendant is fully aware of the charge against him, or is in no way prejudiced by the omission of a formal arraignment, it is not reversible error for the trial court to fail to conduct a formal arraignment proceeding." *Id.*

*State v. Griffin*, 136 N.C. App. 531, 552, 525 S.E.2d 793, 807-08, *dismissal allowed, disc. review denied*, 351 N.C. 644, 543 S.E.2d 877 (2000). It is clear from the record that defendant knew the charges against him. Further, defendant has failed to show any undue preju-

dice from the trial court's proceedings. This assignment of error is overruled.

## X, XI.

We have reviewed the remaining arguments of defendant and find them wholly without merit. Because defendant, in spite of his own efforts, received a fair trial free from prejudicial error, we find

No error.

Judges WALKER and BRYANT concur.