DONALD SULLIVAN, PLAINTIFF v. PENDER COUNTY, DEFENDANTS

No. COA08-1037

(Filed 5 May 2009)

**1. Appeal and Error— violations of Appellate Rules—arguments heard in discretion of court**

The Court of Appeals elected to hear a pro se appellant's arguments concerning property taxes, despite violations of the Rules of Appellate Procedure.

**2. Taxation— ad valorem—nature of property transfer**

A pro se appellant's argument that he was not a taxpayer because his property had been transferred with a bill of sale rather than a warranty deed was determined against him in a prior case, *Sullivan I.*

**3. Appeal and Error— remarks by trial judge—transcript not included**

Assignments of error concerning statements by the trial court could not be reviewed on appeal where the transcript was not included in the record.

**4. Civil Procedure— summary judgment—nonmoving party**

The trial court had authority to grant summary judgment for defendant even without a request from defendant where plaintiff had moved for summary judgment.

**5. Constitutional Law— property taxes as taking—no supporting authority**

An argument that property taxes were an unconstitutional taking was not supported by authority and was overruled.

## SULLIVAN v. PENDER CTY.

[196 N.C. App. 726 2009)]

Appeal by Plaintiff from judgment entered 16 May 2008 by Judge James H. Faison, III, in Pender County District Court. Heard in the Court of Appeals 10 March 2009.

*Donald Sullivan, Pro Se.*

*No appellee brief filed for Pender County.*

PER CURIAM.

Donald Sullivan (Plaintiff) appeals from entry of summary judgment in favor of Pender County (Defendant). We affirm.

The factual and procedural history of this case, as documented by the Record on Appeal, is summarized in relevant part as follows: On 1 June 2007 Plaintiff wrote a letter to the Pender County Board of Commissioners (the Commissioners), challenging Defendant's assessment of property taxes on his property. On 29 August 2007 Plaintiff wrote another letter to the Commissioners, informing them that he was continuing his "challenge of the validity of the attempts by the county tax office to assess and collect property tax on [his] private buildings and lands[.]" Plaintiff stated that he was seeking a hearing before the Commissioners and a refund of previously paid property tax, and that he was "of the opinion the State of North Carolina has no authority to tax private property, including land, without the consent of the individual owner." He also contended that there was a distinction between property transferred using a warranty deed and property transferred through a bill of sale.

Plaintiff asserts on appeal that, when the Commissioners did not respond to his letter, he filed a small claims action against Defendant seeking refund of $1,572.00 in property taxes. He further alleges that a Pender County magistrate dismissed his small claims action. The record does not include Plaintiff's complaint or the magistrate's dismissal, but does contain a copy of Plaintiff's appeal to the district court of Pender County. Plaintiff's case was referred to arbitration, and on 21 February 2008 the arbitrator entered an Award and Judgment that awarded Plaintiff nothing, dismissed his claim, and ordered Plaintiff to pay the costs of the action. Plaintiff appealed for a trial *de novo* in Pender County district court, and moved for summary judgment on 22 April 2008. On 16 May 2008 Pender County district court Judge James H. Faison, III, entered an order denying Plaintiff's summary judgment motion and granting summary judgment in favor of Defendant. From this order Plaintiff has appealed.

Standard of Review

"Our standard of review of the grant of a motion for summary judgment is well established. Summary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' N.C. Gen. Stat. § 1A-1, Rule 56(c) [(2007)]. In conducting this review, we consider the evidence in the light most favorable to the non-moving party." *Cockerham-Ellerbee v. Town of Jonesville*, 190 N.C. App. 150, 152-53, 660 S.E.2d 178, 180, *dis. review denied*, 362 N.C. 680, 669 S.E.2d 745 (2008) (citations omitted).

---

**[1]** We first address Plaintiff's violations of Rule 28(b) of the N.C. Rules of Appellate Procedure. Rule 28 provides in relevant part that the

appellant's brief in any appeal shall contain[:]

. . . .

(5) A full and complete statement of the facts . . . a non-argumentative summary of all material facts . . . supported by references to pages in the transcript . . . the record on appeal, or exhibits, as the case may be.

(6) An argument . . . with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. . . . The argument shall contain a concise statement of the applicable standard(s) of review for each question presented[.] . . . [T]he argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies. . . .

Plaintiff's statement of facts violates Rule 28(b)(5) in several respects. It includes argumentative assertions; for example, Plaintiff contends that Defendant "taxed [his] private properties where no such authority or jurisdiction to tax exists[,]" and "seeks to destroy [his] natural, primordial right to property by imposing an unlawful tax on it[.]" Plaintiff also includes facts unsupported by reference

to the record and facts not relevant to the legal issues presented by his appeal.

Following his statement of facts, Plaintiff's brief has a section titled simply "Argument" without reference to any specific assignments of error or questions presented. This section consists largely of Plaintiff's personal opinions on, *e.g.*, "paradigms" of which "we are all victims" or the "artificial reality" in which we live; Plaintiff's interpretation of certain Biblical verses; Plaintiff's views on selected incidents and events in world and United States history; and Plaintiff's personal background. Much of this section is inappropriate and does not constitute proper legal argument on appeal.

Plaintiff also fails to properly support his assertions with legal authority. For example, he asserts that, as a "Free Person" whose property was transferred by a bill of sale rather than a warranty deed, Plaintiff is not subject to local property taxes, and asks this Court to "overturn the obvious violation of [his] federal and state constitutional rights" evidenced by Defendant's collection of property tax. Plaintiff directs our attention to U.S. and North Carolina constitutional provisions stating certain general rights of all citizens, but cites no North Carolina cases and no cases addressing the constitutionality of property taxation. Plaintiff also fails to state the standard of review, a violation of N.C.R. App. P. 28(b)(6). After his Argument section, Plaintiff lists six "Questions Presented" each followed by a brief argument. Plaintiff again fails to state the appropriate standard of review or to cite to specific assignments of error or record pages.

Plaintiff's violation of the Rules of Appellate Procedure subjects his appeal to dismissal. *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008). In our discretion, we elect to address the merits of Plaintiff's arguments, but we caution Plaintiff that compliance with the Rules is mandatory. *Id.*

---

[2] Plaintiff first argues that the trial court erred by treating Plaintiff as a "Taxpayer" rather than an "individual, natural person[.]" Plaintiff's contention that he is not a "taxpayer" rests on his assertion of a legally significant distinction between property transferred with a warranty deed and property transferred with a bill of sale. However, Plaintiff's argument was expressly overruled by this Court in *In re Appeal of Sullivan*, 195 N.C. App. 325, —— S.E.2d —— (unpublished) (2009) (*Sullivan I*). In *Sullivan I*, the instant Plaintiff appealed from a ruling of the N.C. Property Tax Commission, making

some of the same arguments raised in the present appeal. This Court held, *inter alia*, that:

> Sullivan first argues that the Commission erred in classifying him as a "taxpayer," which is defined by N.C. Gen. Stat. § 105-273(17) (2007) as "any person whose property is subject to *ad valorem* property taxation by any county[.]" . . . Sullivan asserts (1) that he is not a "person" as defined by N.C. Gen. Stat. § 105-273(12) (2007), and (2) that his property is not subject to *ad valorem* taxation because he obtained his property by "bills of sales," not by warranty deeds. Sullivan's first assertion is meritless, and we do not address it. *See* N.C. Gen. Stat. § 105-273(12) (defining "person" in part as "any individual"). . . .

> Nothing in our Constitution or our General Statutes supports Sullivan's argument that property conveyed by bill of sale is not subject to *ad valorem* taxation. All privately held real property in this State is subject to *ad valorem* taxation unless exempted from taxation by the General Assembly. Sullivan's property is not exempt. This assignment of error is overruled.

"It has long been recognized that 'once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question both in subsequent proceedings in a trial court and on subsequent appeal.' Even unpublished opinions, which are normally without precedential value, or an erroneous decision by the Court of Appeals becomes the law of the case for that case only." *Prior v. Pruett*, 143 N.C. App. 612, 618-19, 550 S.E.2d 166, 170-71 (2001) (quoting *Southern Furniture Co. v. Dep't of Transp.*, 133 N.C. App. 400, 408, 516 S.E.2d 383, 388 (1999); and citing *Wrenn v. Maria Parham Hosp., Inc.*, 135 N.C. App. 672, 522 S.E.2d 789 (1999)) (other citations omitted). This assignment of error is overruled.

---

[3] In Plaintiff's next three arguments, he asserts that the trial court erred by making certain statements during the hearing of this matter. Plaintiff contends that the trial court said that property rights are not absolute, that taxes support the activities and security of the courts, and that Plaintiff's property is "no different from anybody else's" as regards local property taxes. However, Plaintiff failed to include in the Record on Appeal the transcript of the hearing during which the court is alleged to have made these statements. "It is well established that this Court can judicially know only what appears in the record." *County of Durham v. Roberts*, 145 N.C. App. 665, 671, 551 S.E.2d 494,

498 (2001) (citations omitted). Without the transcript, we have no way to ascertain what the parties said during the hearing, and cannot review this issue on its merits. We observe, however, that the challenged statements appear to be innocuous, accurate statements of fact. This assignment of error is overruled.

---

**[4]** Plaintiff argues next that, because Defendant did not request summary judgment, the trial court lacked authority to enter summary judgment for Defendant. We disagree.

"Summary judgment may, when appropriate, be rendered against the party moving for such judgment. Summary judgment in favor of the non-movant is appropriate when the evidence presented demonstrates that no material issues of fact are in dispute, and the non-movant is entitled to entry of judgment as a matter of law." *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 212, 258 S.E.2d 444, 447-48 (1979) (citations omitted). Indeed, N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007), expressly authorizes the trial court to enter summary judgment if "any party is entitled to a judgment as a matter of law." (emphasis added). This assignment of error is overruled.

---

**[5]** Plaintiff also argues that entry of summary judgment "den[ied] Appellant his constitutionally guaranteed right to property, which property shall not be taken except by condemnation with just compensation." We again disagree.

"The Federal Takings Clause, also commonly known as the Just Compensation Clause, of the Fifth Amendment of the United States Constitution forbids the taking of private property by the government without just compensation." *Pfaff v. Washington*, 2008 U.S. DIST. LEXIS 98804 (W.D. Wash. Dec. 8, 2008) (citing *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning*, 535 U.S. 302, 306 N.1, 152 L. Ed. 2d 517 (2002)). "[A]lthough the North Carolina Constitution does not contain an express provision prohibiting the taking of private property for public use without payment of just compensation, this Court has inferred such a provision as a fundamental right integral to the 'law of the land' clause in article I, section 19 of our Constitution." *Finch v. City of Durham*, 325 N.C. 352, 362-63, 384 S.E.2d 8, 14 (1989) (citations omitted).

Plaintiff asserts that taxation of his property is unconstitutional because he purchased his property "without any moneylenders' interference and without the necessity for any commercial docu-

mentation." Presumably this refers to Plaintiff's argument that property purchased with a bill of sale is not subject to *ad valorem* taxation. As discussed above, this Court has previously rejected this argument.

> In *Latta v. Jenkins*, 200 N.C. 255 (258), 156 S.E. 857, it is said: "By virtue of the provisions of section 3 of Article V of the Constitution of North Carolina, all property, real and personal, in this State is subject to taxation[.] . . ." In *Town of Benson v. County of Johnston*, 209 N.C. 751, 185 S.E. 6, it is declared: "Taxation is the rule and exemption the exception. The rule has repeatedly been laid down by this Court, the exemptions from taxation are to be strictly construed[.]"

*Mecklenburg County v. Sterchi Bros. Stores, Inc.*, 210 N.C. 79, 86, 185 S.E. 454, 459 (1936). Plaintiff cites no authority for his assertion that local property taxes are an unconstitutional "taking" and we find none. This assignment of error is overruled.

Finally, we quote from the opinion issued in *Sullivan v. United States*, 2004 U.S. Dist. LEXIS 27890 (E.D.N.C. July 6, 2004), *aff'd Sullivan v. United States*, 127 Fed. Appx. 673, 2005 U.S. App. LEXIS 7749 (4th Cir. N.C. 2005), another appeal by the instant Plaintiff, wherein the Court stated that:

> [t]he court directs plaintiff to Rule 11 of the Federal Rules of Civil Procedure. By presenting his complaints to this court, plaintiff is certifying that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). . . . [If] this court were to find that Fed. R. Civ. P. 11(b) has been violated, the court is authorized to impose monetary and other sanctions upon the offending party, including a *pro se* litigant. . . . Plaintiff would be well advised to consult with an attorney and carefully consider that attorney's professional advice before filing any other action in this court.

"As North Carolina's Rule 11 is substantially similar to the federal rule, the decisions of the federal courts are instructive." *In re T.R.P.*, 360 N.C. 588, 604, 636 S.E.2d 787, 798 (2006) (citations omitted). We agree that "Plaintiff would be well advised to consult with an attorney and carefully consider that attorney's professional advice before filing any other action in this court." *Sullivan v. United States, id.*

For the reasons discussed above, we conclude that the trial court did not err and that its summary judgment order should be

Affirmed.

Panel consisting of:

Judges McGEE, GEER and BEASLEY.