STATE OF NORTH CAROLINA v. JAMES DONALD SULLIVAN

No. COA09-705

(Filed 22 December 2009)

**1. Appeal and Error— violation of appellate rules—previous reminders to follow rules**

Although defendant failed to follow a number of the appellate rules including, among others, N.C. R. App. P. 28(b)(5) and (b)(6) despite previous reminders to follow the appellate rules, the Court of Appeals considered his arguments since only the most egregious instances of nonjurisdictional default result in a dismissal.

**2. Motor Vehicles— operating a motor vehicle—registration and financial responsibility requirements**

The trial court had jurisdiction to find defendant guilty of operating a motor vehicle on a street or highway without the vehicle being registered with the North Carolina Department of Motor Vehicles and operating a motor vehicle on a street or highway without having in full force and effect the financial responsibility required by N.C.G.S. § 20-313.

**3. Appeal and Error— preservation of issues—failure to renew motion to dismiss at close of all evidence**

Although defendant contends the trial court erred by failing to dismiss the charges against defendant based on the State's failure to produce evidence of defendant's willfulness, defendant did not preserve this issue for appellate review under N.C. R. App. P 10(b)(3) because defendant failed to renew his motion at the close of all evidence.

**4. Criminal Law— jury instructions—failure to use requested instruction**

The trial court did not err by failing to use defendant's definition of "willfully" in its instructions to the jury because the court's instruction was consistent with the definition provided by our Supreme Court.

**5. Oaths and Affirmations— trial judge—constitutionality**

The trial court's oath complied with both the United States and North Carolina Constitutions, as well as N.C.G.S. §§ 11-7 and 11-11.

**6. Motor Vehicles— registration and financial responsibility requirements—motion to dismiss charges—vagueness argument**

The trial court did not err by denying defendant's motion to dismiss the charges against him, including failure to register a motor vehicle under N.C.G.S. § 20-111 and failure to comply with the financial responsibility requirements under N.C.G.S. § 20-13, even though defendant contends they were void for vagueness, because defendant failed to demonstrate how these statutes failed to give him the type of fair notice that is necessary to enable him or anyone else operating a motor vehicle to conform their conduct to the law.

**7. Appeal and Error; Constitutional Law— right to counsel— motion to continue—failure to cite authority—no right to be represented by non-attorney**

> Although defendant contends the trial court erred by denying his motion to continue so that he could obtain counsel, defendant abandoned this argument under N.C. R. App. P. 28(b)(6) by failing to cite any authority. Although defendant thereafter requested the trial court to recognize his son, a layman, as counsel, the Court of Appeals has previously rejected the assertion of a right to be represented by a non-attorney.

**8. Appeal and Error— preservation of issues—failure to argue**

> The remaining assignment of error that defendant failed to argue was deemed abandoned under N.C. R. App. P. 28(b)(6).

Appeal by defendant from judgment entered 25 February 2009 by Judge Jay D. Hockenbury in Pender County Superior Court. Heard in the Court of Appeals 17 November 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert C. Montgomery, for the State.*

*James Donald Sullivan, pro se, for defendant-appellant.*

CALABRIA, Judge.

James Donald Sullivan[1] ("defendant") appeals a judgment entered upon a jury verdict finding him guilty of operating a motor vehicle on a street or highway without the vehicle being registered with the North Carolina Department of Motor Vehicles ("NCDMV") and operating a motor vehicle on a street or highway without having in full force and effect the financial responsibility required by N.C. Gen. Stat. § 20-313 (2007). We find no error.

## I. Background

On 2 June 2008, Deputy Kevin Malpass ("Deputy Malpass") of the Pender County Sheriff's Department initiated a traffic stop of defendant's vehicle because a valid registration plate was not displayed. As Deputy Malpass attempted to explain to defendant the reason he initiated the traffic stop, defendant pulled out a folder and attempted

---

1. James Donald Sullivan is defendant's full legal name. Defendant has been referred to as "Donald Sullivan" in previous cases before this Court. *See, e.g., Sullivan v. Pender County,* —— N.C. App. ——, 676 S.E.2d 69 (2009).

to convince Deputy Malpass that his constitutional rights would be violated if Deputy Malpass issued him a citation. Defendant stated that he had no insurance for the vehicle he was driving, but he showed Deputy Malpass a bank statement which indicated defendant had $1,514,974.22 in his bank account. Defendant also attempted to convince Deputy Malpass that Sheriff Carson Smith had given defendant permission to travel in Pender County without a valid registration plate.

After checking with his superiors, Deputy Malpass issued defendant a citation for (1) operating a motor vehicle on a street or highway without a proper registration with the NCDMV and (2) operating a motor vehicle on a street or highway without having in full force and effect the financial responsibility required by N.C. Gen. Stat. § 20-313 (2007). On 23 September 2008, after a bench trial, defendant was convicted of both offenses in Pender County District Court. Defendant appealed his conviction to the superior court.

Defendant was tried *de novo* beginning on 24 February 2009 in Pender County Superior Court. On 25 February 2009, the jury returned verdicts of guilty to both of the charges. Defendant was sentenced to forty-five days in the North Carolina Department of Correction. That sentence was suspended and defendant was placed on unsupervised probation for twelve months on the condition that defendant pay a $750 fine and $259.50 in court costs. Defendant was also ordered, as special conditions of his probation, to (1) not violate the laws of any state or the federal government; and (2) not operate his vehicle until it was properly registered and had proper financial responsibility. Defendant appeals.

## II.  Rules of Appellate Procedure

[1]  As an initial matter, we note that defendant has failed to comply with a number of our appellate rules. Defendant's statement of the facts includes argumentative assertions in violation of N.C.R. App. P. 28(b)(5). Additionally, for each of his questions presented, plaintiff has failed to state the appropriate standard of review or cite to specific assignments of error or record pages, in violation of N.C.R. App. P. 28(b)(6). Defendant has previously been reminded to follow the appellate rules, particularly N.C.R. App. P. 28(b). *Sullivan v. Pender County*, —— N.C. App. ——, ——, 676 S.E.2d 69, 71 (2009). While we will consider defendant's arguments because "only in the most egregious instances of nonjurisdictional default will dismissal· of [an] appeal be appropriate," *Dogwood Dev. & Mgmt. Co., LLC v. White*

*Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 366 (2008), we again remind defendant that these rules are mandatory and caution him that his continued failure to adhere to these rules subjects him to possible sanctions, including dismissal of his appeal.

### III. Jurisdictional Arguments

**[2]** Defendant argues that the trial court erred by exercising jurisdiction over him. While it is difficult to discern the exact substance of defendant's argument, it appears that, essentially, defendant argues that (1) N.C. Gen. Stat. §§ 20-111(1) & 20-313 (2007) are unconstitutional; (2) the trial court lacked jurisdiction because defendant has no contractual relationship with the State; (3) only federal jurisdiction exists because the State is a party to the instant case; and (4) the trial court lacked jurisdiction because the State of North Carolina cannot prove its lawful creation after the Civil War. We disagree.

### A. Constitutionality of N.C. Gen. Stat. §§ 20-111(1) & 20-313

> In challenging the constitutionality of a statute, the burden of proof is on the challenger, and the statute must be upheld unless its unconstitutionality clearly, positively, and unmistakably appears beyond a reasonable doubt or it cannot be upheld on any reasonable ground. When examining the constitutional propriety of legislation, [w]e presume that the statutes are constitutional, and resolve all doubts in favor of their constitutionality.

*State v. Mello*, —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009) (internal quotations and citations omitted).

Defendant argues that N.C. Gen. Stat. §§ 20-111(1), which makes it unlawful "[t]o drive a vehicle on a highway, or knowingly permit a vehicle owned by that person to be driven on a highway, when the vehicle is not registered" & 20-313, which forbids operating a motor vehicle "without having in full force and effect the financial responsibility required" are invalid regulations that infringe upon his right to travel.

> [T]he right to travel upon the public streets of a city is a part of every individual's liberty, protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by the Law of the Land Clause, Article I, § 17, of the Constitution of North Carolina. The familiar traffic light is, however, an ever present reminder that this segment of liberty is not absolute. It may be regulated, as to the time and manner of its exercise, when reasonably deemed necessary to the public safety, by laws reasonably adapted to the attainment of that objective.

*State v. Dobbins*, 277 N.C. 484, 497, 178 S.E.2d 449, 456 (1971). However, the right to travel is not synonymous with the right to operate a motor vehicle on the highways of this State. "The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense." *Honeycutt v. Scheidt*, 254 N.C. 607, 609-10, 119 S.E.2d 777, 780 (1961) (internal quotations and citations omitted).

> The Tenth Amendment to the Constitution of the United States provides, "The powers not delegated to the United States by the Constitution nor prohibited by it to the States are reserved for the States respectively or to the people." Within this reservation of powers to the individual states, is what has been judicially termed "the police power."

*State v. Whitaker*, 228 N.C. 352, 359, 45 S.E.2d 860, 865 (1947).

> [A] State may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles. . . . And to this end it may require the registration of such vehicles and the licensing of their drivers. . . . This is but an exercise of the police power uniformly recognized as belonging to the States and essential to the preservation of the health, safety and comfort of their citizens[.]

*Hendrick v. Maryland*, 235 U.S. 610, 622, 59 L. Ed. 385, 391 (1915).

Defendant's contention that vehicle registration and financial responsibility requirements are not valid exercises of this State's police power because they do not bear any relationship to public safety is meritless. There are ample public safety justifications for both requirements.

> The reason assigned for the necessity of registration and licensing is that the vehicle should be readily identified in order to debar operators from violating the law and the rights of others, and to enforce the laws regulating the speed, and to hold the operator responsible in cases of accident. The Legislatures have deemed that the best method of identification, both as to the vehicle and the owner or operator, is by a number or a tag conspicuously attached to the vehicle. In case of any violation of law this furnishes means of identification, for, from the number, the

name of the owner may be readily ascertained and through him the operator. Such acts . . . have for their object the protection of the public.

*Parke v. Franciscus*, 228 P. 435, 439 (Cal. 1924) (quotation and citation omitted). Similarly, the purpose of financial responsibility requirements "is to protect the public on the highways against the operation of motor vehicles by reckless and irresponsible persons, a duty which is inherent in every sovereign government and is a proper exercise of police power." *Doyle v. Kahl*, 46 N.W.2d 52, 55 (Iowa 1951) (citations omitted).

We hold that N.C. Gen. Stat. §§ 20-111(1) & 20-313 "bear[] a real and substantial relationship to public safety. The General Assembly, therefore, had ample authority, under its police power, to enact the section[s] of the statute here challenged and to make [their] violation a criminal offense." *State v. Anderson*, 275 N.C. 168, 171, 166 S.E.2d 49, 51 (1969). If defendant does not wish to follow these statutory requirements, we remind him that he may exercise his right to travel in a variety of other ways. "If he wishes, he may walk, ride a bicycle or horse, or travel as a passenger in an automobile, bus, airplane or helicopter. He cannot, however, operate a motor vehicle on the public highways. . . ." *State v. Davis*, 745 S.W.2d 249, 253 (Mo. Ct. App. 1988). This assignment of error is overruled.

B. The State as a Party

Defendant argues that the trial court lacked jurisdiction because the State is a party in the instant case. Defendant contends that U.S. Const. art. III requires that any case in which the State is a party, including criminal proceedings, must be brought in federal court. This Court has previously rejected this argument. *See State v. Phillips*, 149 N.C. App. 310, 315, 560 S.E.2d 852, 855 (2002) ("Article III, Section 2, Clause 1 does not confer jurisdiction over criminal matters brought by a state against its own citizen for a crime occurring in that state."); *see also Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 446, 89 L. Ed. 1051, 1056 (1945) ("The original jurisdiction is confined to civil suits where damage has been inflicted or is threatened, not to the enforcement of penal statutes of a State."). This assignment of error is overruled.

C. Remaining Jurisdictional Arguments

In his remaining jurisdictional claims, defendant fails to cite any legal authority that supports his arguments that the trial court lacked

jurisdiction because defendant has no contractual relationship with the State and because the State of North Carolina cannot prove its lawful creation after the Civil War. While defendant purports to have added "authority" to these arguments in his Reply Brief, these additional arguments do not actually contain any legal authority. Consistent with our appellate rules, "[defendant]'s patently frivolous assertions raised on appeal in a rambling narrative, unsupported by any authority will not be considered on appeal." *Redden v. State*, 739 P.2d 536, 538 (Okla. Crim. App. 1987); *see also* N.C.R. App. P. 28(b)(6) (2008) ("Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). These assignments of error are dismissed.

### III. Willfulness

#### A. Motion to dismiss

**[3]** Defendant argues that the trial court erred by failing to dismiss the charges against him because the State failed to produce evidence of defendant's willfulness. Defendant made a motion to dismiss at the close of the State's evidence, but failed to renew his motion at the close of all the evidence. Therefore, he has failed to preserve this question for appellate review. *See* N.C.R. App. 10(b)(3) (2008) ("[I]f a defendant fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.").

#### B. Jury instructions

**[4]** Defendant argues that the trial court erred by failing to use defendant's definition of "willfully" in its instructions to the jury. Defendant contends that the trial court should have instructed the jury that "a willful act is one that is done knowingly and purposely with the direct object of injuring another." We disagree.

"It is fundamental that the purpose of the jury charge is to provide clear instructions regarding how the law should be applied to the evidence, in such a manner as to assist the jury in understanding the case and in reaching a verdict." *State v. Wardrett*, 145 N.C. App. 409, 417, 551 S.E.2d 214, 220 (2001) (citation omitted). "Where the instructions to the jury, taken as a whole, present the law fairly and clearly to the jury, we will not find error even if isolated expressions, standing alone, might be considered erroneous." *State v. Morgan*, 359 N.C. 131, 165, 604 S.E.2d 886, 907 (2004) (citations omitted).

Defendant's proposed definition of a willful act comes from *Hazle v. Southern Pac. Co.*, 173 F. 431, 432 (1909). *Hazle* was a negligence action and the *Hazle* Court was defining willful in the context of a "willful and wanton injury." *Id.* This definition does not apply in a criminal action, such as the instant case.

The other case cited by defendant, *State v. Young*, is also not applicable to the instant case. In *Young*, the defendant, a registered sex offender who had been adjudicated incompetent, was charged with failing to notify the sheriff's department of a change of address. 140 N.C. App. 1, 4, 535 S.E.2d 380, 381 (2000). This Court held that special notification requirements were necessary because of the defendant's incompetence. *Id.* at 11-14, 535 S.E.2d at 386-88. *Young* did not disturb the general rule that "ignorance of the law will not excuse" a defendant who "either knew or should have known of the possible violation." *Id.* at 11-12, 535 S.E.2d at 386.

In the instant case, the trial court instructed the jury that "[t]he word willfully means something more than an intention to commit the offense. It implies committing the offense purposely and designedly in violation of law." This instruction is consistent with the definition of "willfully" provided by our Supreme Court. *See State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940). This assignment of error is overruled.

## IV. Trial Court's Oath

**[5]** Defendant argues that the trial court erred in presiding over defendant's trial because the trial court lacked a "constitutional oath" on file with the clerk of court. Defendant's argument, which cites no legal authority other than the oath in question, is without merit. After reviewing the trial court's oath, we find that it complies with both the United States and North Carolina constitutions, as well as N.C. Gen. Stat. §§ 11-7 & 11-11 (2007). This assignment of error is overruled.

## V. Vagueness

**[6]** Defendant argues that the trial court erred in denying his motion to dismiss the charges against him because the statutes at issue were void for vagueness. We disagree.

A statute is "void for vagueness" if it forbids or requires doing an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. When evaluating whether a person of ordinary intelligence could determine what conduct is prohibited, [o]nly a reasonable degree of

certainty is necessary, mathematical precision is not required. The purpose of this fair notice requirement is to enable a citizen to conform his or her conduct to the law.

*State v. Mello*, — N.C. App. —, —, — S.E.2d —, — (2009) (internal quotations and citations omitted).

Defendant was convicted of failure to register under N.C. Gen. Stat. § 20-111, which states:

> It shall be unlawful for any person to commit any of the following acts:
>
> > (1) To drive a vehicle on a highway, or knowingly permit a vehicle owned by that person to be driven on a highway, when the vehicle is not registered with the Division in accordance with this Article or does not display a current registration plate.

N.C. Gen. Stat. § 20-111 (2007).

Defendant was also convicted under N.C. Gen. Stat. § 20-313, which states:

> (a) On or after July 1, 1963, any owner of a motor vehicle registered or required to be registered in this State who shall operate or permit such motor vehicle to be operated in this State without having in full force and effect the financial responsibility required by this Article shall be guilty of a Class 1 misdemeanor.

N.C. Gen. Stat. § 20-313 (2007). The methods of demonstrating financial responsibility are contained in N.C. Gen. Stat. § 20-309(b): "Financial responsibility shall be a liability insurance policy or a financial security bond or a financial security deposit or by qualification as a self-insurer, as these terms are defined and described in Article 9A, Chapter 20 of the General Statutes of North Carolina, as amended." N.C. Gen. Stat. § 20-309(b) (2007).

The purpose of the statutes at issue is very clear. There is nothing in these statutes that "forbids or requires doing an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Mello*, — N.C. App. at —, — S.E.2d at —. Defendant has failed to demonstrate how these statutes failed to give him the type of fair notice that is necessary to enable him or anyone else operating a motor vehicle to conform their conduct to the law. This assignment of error is overruled.

## VI. Right to Counsel

**[7]** Defendant argues that the trial court erred by denying his motion to continue so that he could obtain counsel and by denying defendant the right to counsel from defendant's son, an unlicensed layman. Defendant cites no authority for his argument regarding his motion to continue and it is therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (2008). We disagree with defendant's remaining contention.

After defendant's motion to continue was denied, he requested that the trial court recognize his son, a layman, as "counsel to sit here and provide me aid and counsel during the trial." The trial court denied this request. Defendant argues that this decision deprived him of his Sixth Amendment right to counsel of his choice. The assertion of a "right" to be represented by a non-attorney has previously been rejected by this Court. *State v. Phillips*, 152 N.C. App. 679, 683, 568 S.E.2d 300, 303 (2002). This assignment of error is overruled.

**[8]** Defendant has failed to bring forth any argument regarding his remaining assignment of error. As such, we deem this assignment of error abandoned pursuant to N.C.R. App. P. 28(b)(6) (2008). We hold that "defendant, in spite of his own efforts, received a fair trial free from prejudicial error. . . ." *Phillips*, 152 N.C. App. at 687, 568 S.E.2d at 305.

No error.

Judges WYNN and BEASLEY concur.