ELMORE, Judge.
John M. Scardina (defendant or "father") appeals from three orders dismissing his motion to modify child custody, motion for contempt, and motion to set aside a contempt order, all of which were entered in his ongoing child support and custody action with Patricia H. Martin (plaintiff or "mother") following a 12 April 2016 hearing. For the reasons stated herein, we affirm the orders of the trial court.
I. Background
The parties are the parents of two minor children. On 2 June 2006, mother commenced this action by filing a complaint for child support and custody. The parties entered into a consent order in 2009 resolving all issues related to child support, and they initially negotiated a parenting agreement that provided for joint legal and physical custody of their children.
In 2012, each party filed a motion to modify the parenting agreement. A 2013 custody order on those motions found that the parties were no longer capable of co-parenting their children, and it altered the parenting agreement by granting mother final decision-making authority in the event the parties cannot agree on any issue regarding their children's education or extra-curricular activities. The order also provided that the children maintain enrollment at their current school, which is based on mother's residential district, and it appointed a parenting coordinator for a period of one year "to assist the parties with issues related to co-parenting and to help make decisions resolving disputes between the parties with respect to the minor children."
On 24 October 2014, mother filed a motion for contempt against father for failure to comply with both the 2009 child support order and the 2013 custody order. On 15 January 2015, prior to mother's contempt motion being heard, father filed a motion to modify the 2013 custody order. In his motion, father alleged that mother had abused her decision-making authority for her own convenience, and he requested that the trial court "remove the ability of either party to make unilateral decisions relating to education or extra [-]curricular activities, else award this decision making authority to [father]." He also requested that the children be ordered "to attend school zoned for [father's] neighborhood," and that the court "remove the findings from the [2013] order that were based on testimony that could have easily been impeached, but was not."
The trial court entered a civil contempt order against father on 8 April 2015 for failure to comply with the 2009 child support order. The court found that father knowingly and willfully failed to pay his share of certain expenses incurred by mother on behalf of the minor children, and it ordered father to pay his said share of expenses in addition to mother's reasonable attorney fees incurred as a result of father's conduct. On 24 April 2015, father filed a motion for contempt against mother in which he alleged that she had also violated both the 2009 child support order and the 2013 custody order. Four days later, father filed a motion pursuant to Rule 60 of the Rules of Civil Procedure to set aside the contempt order entered against him on 8 April 2015.
Father's motions to modify custody, to hold mother in contempt, and to set aside the contempt order entered against him were calendared, consolidated for hearing, and continued several times before being heard on 12 April 2016. Both parties were present at the hearing and represented by counsel, and the trial court first addressed father's motion to set aside the contempt order. The only evidence presented on that motion was father's testimony that he never received a receipt from mother documenting the expenses incurred on behalf of the minor children, and that he had obtained receipts from the orthodontist's office after the contempt hearing. Father attempted to have those receipts admitted into evidence, but the court sustained mother's hearsay objections. The court then heard testimony from father regarding his motion to hold mother in contempt, followed by his testimony regarding his motion to modify custody. Throughout father's testimony, various exhibits were admitted into evidence over mother's objections, while others were objected to and excluded.
At the conclusion of father's testimony, mother moved to dismiss father's three motions. The trial court granted mother's motions to dismiss, concluding in three separate orders dated 9 May 2016 that father had failed to meet his burden of proof with respect to each of his motions. Father timely appealed.
II. Discussion
In his brief, father presents this Court with the following two issues for appellate review:
1. Did the trial court err or abused [sic] its discretion or violate defedant's [sic] right to due process or equil [sic] protection under the law in not allowing defendant to present evidence supporting his motion to set aside contempt order vacate order and judgement under Rule 60B, or in dismissing defendant's motion to set aside contempt order vacate order and judgement?
2. Did the trial court erred [sic] or abused [sic] its discretion or violate defedant's [sic] right to due process or equil [sic] protection under the law in dismissing defendant's motion for contempt?
Father then proceeds to allege countless unrelated and unsupported injustices and civil liberties violations at nearly every stage of the litigation process, which he claims resulted in "grand theft via the courtroom." His so-called "argument" consists of two pages listing a wide variety of statutes and constitutional provisions, ranging from a ban on court orders that prohibit publication or broadcast of certain reports to the abolishment of slavery and involuntary servitude, as well as two pages devoted almost entirely to cherry-picked statements from federal case law defining void judgments. Father's allegations culminate in an assertion that the trial court, including the case coordinator tasked with scheduling court proceedings, is clearly biased toward mother and prejudiced against father.
Error will not be presumed on appeal. Instead, "[t]he ruling of the court below in the consideration of an appeal therefrom is presumed to be correct." Hogsed v. Pearlman, 213 N.C. 240, 243, 195 S.E. 789, 791 (1938). The Rules of Appellate Procedure thus require that arguments "contain the contentions of the appellant with respect to each issue presented" as well as "citations of the authorities upon which the appellant relies." N.C. R. App. P. 28(b)(6). It is the appellant's burden to show error occurring at the trial court. This Court has also repeatedly emphasized that it is not the role of the appellate court to create an appeal for an appellant or to supplement an appellant's brief with legal authority or arguments not contained therein. See, e.g., Eaton v. Campbell, 220 N.C. App. 521, 522, 725 S.E.2d 893, 894 (2012) (dismissing appeal taken by pro se appellants who offered limited and unsupported arguments in requesting relief). Accordingly, if an argument contains no citation of authority in support of an issue, the issue will be deemed abandoned. See State v. Sullivan, 201 N.C. App. 540, 550, 687 S.E.2d 504, 511 (2009).
After thorough review of the record, we find the vast majority of father's allegations to be meritless, irrelevant, or related to issues that are either not before us on appeal or not within the jurisdiction of this Court. Regarding the two issues presented, father fails to allege any specific error committed or to submit a cohesive argument in relation to the trial court's orders dismissing his motion to set aside contempt order or his motion for contempt. Additionally, although father appealed from all three orders entered by the trial court on 9 May 2016, he submits no appellate argument to challenge the order dismissing his motion to modify child custody.
We hold that father's appeal from the order dismissing his motion to modify child custody has been abandoned. As to the remaining issues, "a motion for relief [from judgment] under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." Sink v. Easter, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason ... [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Similarly, "[i]n contempt proceedings the judge's findings of fact are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." Clark v. Clark, 294 N.C. 554, 571, 243 S.E.2d 129, 139 (1978). Because father's broad and unfounded arguments give us no such reason to disturb the trial court's orders, we affirm.
III. Conclusion
The orders of the trial court are hereby:
AFFIRMED.
Report per Rule 30(e).
Judges STROUD and TYSON concur.