DILLON, Judge.
Adelmo Esteban ("Defendant") appeals from a judgment entered after a bench trial finding him guilty of driving while impaired ("DWI") and operating a motor vehicle without being licensed ("NOL"). We dismiss the appeal.
I. Background
At approximately 11:30 p.m. in August 2012, Defendant stopped at a vehicle checkpoint. Officer Jonathan Branson of the Aberdeen Police Department approached defendant's vehicle and engaged him in conversation. Defendant disclosed to Officer Branson that he had consumed two beers. He was unable to provide Officer Branson with a valid North Carolina driver's license.
At Officer Branson's request, Defendant submitted to two Alco-Sensor tests, and both tests were positive for the presence of alcohol. Officer Branson arrested Defendant and transported him to a secondary checking location nearby, where a "BATMobile" was stationed. Officer Branson then administered two Intoximeter tests to Defendant. Both tests registered Defendant's blood-alcohol concentration as 0.10.
In December 2012, Defendant pleaded guilty to DWI and NOL in Moore County District Court and received a probationary sentence. In April 2015, Defendant filed a motion for appropriate relief seeking to withdraw his guilty plea, arguing it was not knowing and voluntary. In May 2015, the district court granted the motion and vacated Defendant's plea and resulting judgment. According to Defendant, he was subsequently convicted after a trial in district court and appealed for a trial de novo in superior court.
Prior to trial, Defendant filed a "Preservation Motion to Prohibit the State from Trying the Defendant for a Crime He Has Not Been Charged With." In the motion, Defendant argued that the ticket charging Defendant with DWI was insufficient to charge the offense of driving while his blood alcohol concentration was 0.08 or greater. The motion acknowledged that this argument had been rejected by our appellate courts. The trial court denied the motion.
In March 2016, Defendant waived his right to a trial by jury and proceeded to a bench trial. At the close of the State's evidence, Defendant moved to dismiss the "appreciable impairment" theory of DWI, and the trial court allowed the motion. The court then entered a verdict finding Defendant guilty of DWI based upon his blood alcohol concentration and guilty of NOL. Defendant was sentenced to 120 days of imprisonment. That sentence was suspended and Defendant was placed on supervised probation for 18 months. Defendant timely appealed.
II. Analysis
As an initial matter, we must determine whether Defendant's appeal is properly before us. Our Supreme Court has made clear that "[i]t is the appellant's duty and responsibility to see that the record is in proper form and complete." State v. Alston , 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983). Moreover, this Court has stated that "it is [the appellant's] burden to produce a record establishing the jurisdiction of the court from which appeal is taken, and his failure to do so subjects [the] appeal to dismissal." State v. Phillips , 149 N.C. App. 310, 313-314, 560 S.E.2d 852, 855 (2002). "When the record is silent and the appellate court is unable to determine whether the court below had jurisdiction, the appeal should be dismissed." State v. Felmet , 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981).
In this case, the record on appeal includes the first page of the district court's initial DWI judgment, which was entered upon defendant's guilty plea on 5 December 2012. That judgment was subsequently vacated by the district court's order entered 13 May 2015. There is no subsequent district court DWI judgment in the record.[1] Defendant's brief states that "[f]ollowing a trial and conviction in Moore County District Court, the Defendant appealed to the Superior Court for a trial de novo ," but it does not cite to any document in the record to support that statement. By failing to include the district court's DWI judgment, Defendant has failed to establish the superior court's jurisdiction over that offense. See Phillips , 149 N.C. App. at 313, 560 S.E.2d at 855. Accordingly, we dismiss Defendant's appeal. See Felmet , 302 N.C. at 176, 273 S.E.2d at 711.
In our discretion, we also decline to treat Defendant's appeal as a petition for writ of certiorari, as his only argument on appeal was not preserved for appellate review. Defendant argues that the trial court erred by denying his pretrial motion to prohibit the State from introducing evidence that his blood alcohol concentration was 0.08 or greater when his citation only charged him with driving "while subject to an impairing substance." However, Defendant did not object to the evidence regarding his blood alcohol concentration at trial, and it is well established that "[a] motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." State v. Tutt , 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005) (internal marks and citation omitted). Because Defendant has failed to bring forward any arguments that were preserved below, certiorari review is not appropriate. See State v. Rouson , 226 N.C. App. 562, 563-64, 741 S.E.2d 470, 471 ("A petition for the writ [of certiorari] must show merit or that error was probably committed below. Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." (internal marks and citation omitted) (emphasis in original)). Therefore, Defendant's appeal is dismissed.
DISMISSED.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA concur.

The record does include a judgment reflecting defendant pled guilty to NOL in district court on 10 June 2015. However, Defendant makes no arguments regarding this offense on appeal.